Frankie E. CROSS and Workers' Compensation Court, Respondents,

v.

EVELYN'S NURSING HOME, Petitioner,

and

State Insurance Fund, Petitioner.

No. 60664.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 3, 1984.

Released for Publication by Order of the Court of Appeals April 23, 1984.

Williams, Donovan & Savage by Gerard K. Donovan, Tulsa, for respondents.

William C. Doty, Oklahoma City, for petitioners.

REYNOLDS, Judge:

We are inclined to believe Respondent's allegation that this appeal is frivolous; therefore, if requested and permitted by statute or case law, this Court would consider awarding attorney's fees to Respondent for the appeal.

Respondent filed a motion to dismiss alleging the petition for review failed to set forth, as required, the "precise points of law to be urged as error or illegality." 12 O.S. 1981 Ch. 15, App. 2, Rule 1.103. The challenged portion of the petition reads as follows:

The Petitioners show this Honorable Court that the Workers' Compensation Court has committed an error in the following manner, to-wit:

(1) The award of the Workers' Compensation Court is contrary to the evidence in this case and contrary to the law of the State of Oklahoma;

(2) The findings of fact are not sustained by competent evidence, and are contrary to the law of the State of Oklahoma;

(3) The Conclusions of Law and Fact and the award based thereon of the Workers' Compensation Court are con-

trary to the facts, evidence and the law of the State of Oklahoma.

These three "points of law" are nothing more than general statements, and not the "precise points of law" required by Rule 1.103. *Sonaggera v. Dayton Tire & Rubber Co.*, 627 P.2d 452, 454 (Okl.App.1981).

Nevertheless, we review the record concerning the errors urged in order to bring a swift and effective end to this litigation.

Respondent, Frankie Cross, was seriously injured by a fall suffered in April, 1980. She has undergone various medical treatments and surgeries due to this injury. The Workers' Compensation Court awarded Respondent $6,838.50 temporary total disability as of April 18, 1983. It also awarded her temporary total disability during her recovery period, not to exceed 300 weeks. Respondent was allowed to deduct from the latter award the uncontested temporary total disability previously paid.

 Petitioners argue there is no evidence Respondent sustained a neck injury in the fall. The record shows she was treated for headaches and neck pain just three weeks after her accident. This particular injury has required surgery on her neck. Respondent testified that prior to her fall, she experienced no difficulty with the body areas now causing her extreme discomfort, with the exception of her left knee. The severity of the fall is unchallenged. It is well established that the injury and pain were extensive. It is unreasonable for Petitioners to demand that this particular injury manifest itself immediately following the fall. There is competent evidence to support trial court's finding that Respondent's neck injury was sustained in her fall.

■ Petitioners also contend there is no competent evidence to support an award of temporary total disability from May 14, 1982 through April 12, 1983. The record is replete with substantiation of numerous medical treatments undergone since Respondent's fall. Thus far, surgeries have been performed on both hands, her neck and her bladder. She has experienced se-

vere depression as a result. Dr. ........ reports she has been unable to work since coming under his care in January, 1981. At the time of trial on April 12, 1983, Respondent was still under the care of various physicians. There is competent evidence to sustain the award of temporary total disability from May 14, 1982 through April 12, 1983.

SUSTAINED.

YOUNG, P.J., and ROBINSON, J., concur.