**NOBLE COUNTY, Oklahoma, and the State Insurance Fund, Petitioners,**

v.

**Delbert CROSS, and the Workers' Compensation Court, Respondents.**

**No. 75899.**

Court of Appeals of Oklahoma, Division No. 3.

April 16, 1991.

John F. Bates, Sandy J. Calava, State Ins. Fund, Oklahoma City, for petitioners.

Jack G. Zurawik, Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

Petitioners, Noble County (County), and State Insurance Fund (Fund), seek review of an order of the Workers' Compensation Court, sitting as a three judge panel. The order affirmed the trial court's finding that Respondent (Cross) sustained a change in physical condition for the worse, leaving him totally and permanently disabled. We sustain the panel's order.

In January 1988, Cross was determined to have sustained 75% permanent partial disability as the result of an October 1983, injury to his heart, arising out of and in the course of his employment with County. In May 1989, Cross suffered a second heart attack while mowing his lawn at home. It was the latter injury which the trial court determined to have caused the change in physical condition. Fund contends mowing the lawn was a non-work related intervening act severing its liability.

In its *Appeal to the Three Judge Panel*, Fund set forth only two grounds, as follows:

> 1. That said Order is contrary to the law of this jurisdiction.
>
> 2. That said Order is against the clear weight of the evidence.

The rule then in effect[1] for appeal to the three judge panel—Rule 28, Rules of the Workers' Compensation Court, 85 O.S.1987 Supp., Chap. 4, App.—provides, in relevant part:

> ... The request for review *shall* include:
>
> (3) A statement of *each* conclusion of law and finding of fact urged as error, ... (emphasis added)

---

1. The present rule, now Rule 31, is even more detailed in its requirements for specificity. It provides— ... The Request for Review shall include: (3) A specific statement of each conclusion of law and finding of fact urged as error. General allegations will not be accepted. The party parties appealing to the three-judge panel will be bound by allegations of error contained in the Request for Review and will be deemed to have waived all others; ...

382

It is clear Fund failed to comply with the dictates of Rule 28 with regard to specificity of its allegations of error. Additionally, Fund submitted no brief with its request for review which might have provided the requisite specificity, and we have no transcript of the hearing where Fund may have cured its error. Cf., *Horizons, Inc. v. Keo Leasing Co.*, 681 P.2d 757 (Okla.1984) (lack of specificity in motion for new trial effectively cured at hearing without objection).

■ The question—whether a general allegation of error in an appeal to a three judge panel of the Workers' Compensation Court will preserve *any* error—appears to be a matter of first impression in Oklahoma. The Supreme Court has determined error not raised before a review panel may not be considered by either the Supreme Court or Court of Appeals. *Bostick Tank Truck Service v. Nix*, 764 P.2d 1344 (Okla. 1988). That decision did not, however, reach the exact issue at hand.

We have previously considered lack of specificity in errors alleged in Petitions for Review. *Cross v. Evelyn's Nursing Home*, 680 P.2d 641 (Okla.App.1984); *Sonaggera v. Dayton Tire & Rubber Co.*, 627 P.2d 452 (Okla.App.1981). In both cases the allegations were found to be deficient, but in each the Court nonetheless resolved to review on the merits as a matter of discretion.

We find the more instructive analogy to be requirements for specificity in motions for new trial. See Rule 17, Rules for District Courts, 12 O.S.1984 Supp., Chap. 2, App. It has been noted the requirement for specificity in motions for new trial "is no technical application of a procedural rule but a continuation of well-established principle of appellate practice." *Federal Corp. v. Independent School District No. 13*, 606 P.2d 1141 (Okla.App.1978) (approved for publication by Supreme Court). The reason for precluding argument of errors on appeal, unless included in the motion for new trial, is to ensure the trial court has the opportunity to consider all, not just some, of the errors it allegedly has made. This can only be achieved if the trial court is given reasonable notice of the claimed errors in ruling. Note, *New Trial Motion: Insufficiency of Grounds Stated in Statutory Language*, 33 Okla.L.Rev. 454 (1980). The foregoing rationale is equally applicable to appeals to a three judge panel of the Workers' Compensation Court. The latter is not a true appeal, but is a trial tribunal intracourt review scheme, intended not to afford two layers of appellate process with varying standards of review, but rather to implement a two-tier decisional system within the trial tribunal. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

Notwithstanding the three judge panel specifically finding the order of the trial judge was not against the clear weight of the evidence, nor contrary to law, we conclude the grounds stated by Fund in its *Appeal to the Three Judge Panel* were too general to have properly preserved any error for review. The grounds could not have sufficiently advised the panel of specific errors so as to have allowed them a real opportunity to correct the errors at the trial level. Accordingly, no alleged errors were preserved for our consideration. *Bostick Tank Truck Service v. Nix*, supra. We will presume the trial court did not err.

■ Assuming, *arguendo*, that the second stated ground—asserting the trial judge's order was against the clear weight of the evidence—did preserve that single question for review, we find competent evidence of record to support the trial court's determination. In his report, which was attached to his deposition, Dr. A., the court appointed independent medical expert, opined Cross was totally and permanently impaired for the performance of any gainful occupation for which he is presently qualified. Dr. A. further opined Cross "underwent a marked change of condition for the worse, with a subsequent heart attack which was the direct result of his initial heart attack". Whether disability is due to compensable injury or other cause is a question of fact to be determined by the Workers' Compensation Court, and we will not disturb its findings on review if there is any competent evidence reasonably tending to support the findings. *Western States*

*Construction Co. v. Stailey*, 461 P.2d 940 (Okla.1969).

The order of the Workers' Compensation Court is SUSTAINED.

While sustaining the trial court's action, we do not find this appeal to be so wholly without merit, frivolous or vexatious as to justify award of attorney fees. Appellee's motion to be awarded attorney fees is DE-NIED.

HUNTER, C.J., concurs.

GARRETT, P.J., dissents.