Delores SMITH, Petitioner,

v.

DEPARTMENT OF AGRICULTURE, and the Workers' Compensation Court, Respondents.

No. 81904.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 25, 1994.

---

Patricia F. Brion and Craig Dawkins, Oklahoma City, for petitioner.

Robert Highsaw, Oklahoma City, for respondents.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Petitioner Delores Smith (Claimant) seeks review of a Workers' Compensation Court order finding she did not sustain an accidental injury arising out of and in the course of employment with Respondent Department of Agriculture (Employer).

The record reflects Claimant was injured in an automobile accident. Employer initially accepted the claim as compensable and began payment of benefits. Subsequently, Employer moved to terminate temporary compensation, denying the injury arose out of and in the course of employment.

A hearing was held pursuant to Employer's motion. At the hearing, Claimant's counsel noted "the issue before the Court is termination of TTD arising out of and in the course of employment.

After the hearing, the trial court found claimant did not sustain an accidental injury arising out of and in the course and scope of Claimant's employment. The trial court also found that although Claimant was a traveling employee, she was on a personal mission at the time of injury and not proceeding in a direct route to her next assignment.

In her *Appeal to the Court En Banc*, Claimant stated as grounds:

1. That said Order is against the clear weight of the evidence.
2. That said Order is contrary to the laws of this jurisdiction.
3. That said Order is contrary to all evidence presented.

A three judge panel of the Workers' Compensation Court, with one judge dissenting, affirmed the trial court's order without modification. Claimant seeks review of the order of the three judge panel.

Claimant alleges two lower court errors in her appeal. First, she contends she was in the course of her employment at the time of her injury, and there was a nexus between her conditions of employment and the resulting injury. Next, Claimant asserts there is no competent evidence supporting a finding that she was not in a reasonably direct route to her next assignment.

However, we need not reach Claimant's substantive arguments because we find under our holding in *Noble County v. Cross*, 810 P.2d 380 (Okla.App.1991), she failed to preserve any alleged errors for our consideration.

As in *Cross*, Claimant did not state her allegations of error in the *Appeal to the Court En Banc* with the specificity required by the Workers' Compensation Court Rules. 85 O.S.1991 Ch. 4, App. The pertinent rule here, Rule 31, is in fact more demanding in its requirements for specificity than the rule in effect for *Cross*. Rule 31 states, in relevant part:

> ... The Request for Review shall include:
>
> 3. A specific statement of each conclusion of law and finding of fact urged as error. *General allegations will not be accepted.* The party or parties appealing to the three-judge panel will be bound by the allegations of error contained in the Request for Review and will be deemed to have waived all others ... (emphasis added)

Also as in *Cross*, Claimant submitted no brief in support of her *Appeal to the Court En Banc* to make her grounds more specific, nor do we have a transcript of the hearing where she may have specified her allegations of trial court error. The Workers' Compensation Court practice of not preparing a transcript of hearings before three judge panels makes specificity in the Rule 31 Request for Review even more important for further appellate review.

We noted in *Cross* that the requirement for specificity is no technical application of a procedural rule. The Workers' Compensation Court can be expected to correct its own errors only if adequately put on notice of those claimed errors. The grounds stated by Claimant "could not have sufficiently advised

the panel of specific errors so as to have allowed them a real opportunity to correct the errors at the trial level". *Cross,* at 382.

Finding Claimant preserved no alleged errors for our consideration, we will presume the Workers' Compensation Court did not err. *Peters v. Golden Oil Co.,* 600 P.2d 330 (Okla.1979).

The order of the Workers' Compensation Court is SUSTAINED.

JONES, P.J., and ADAMS, J., concur.