2001 OK CIV APP 80

CONNECTICUT INDEMNITY CO., and H & M Steel, Petitioners,

v.

Joe CATLIN, H & M Steel, and CNA Insurance, Respondents.

No. 95535.

Court of Civil Appeals of Oklahoma, Division No. 2.

May 22, 2001.

Barry Zlotogura, Edmond, OK, for Petitioners.

Wayne Wells, Edmond, OK, J.R. Schneider, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Respondents.

Opinion by JERRY L. GOODMAN, Presiding Judge:

¶ 1 This is a proceeding to review an order of a Workers' Compensation Court three-judge panel modifying a trial court order by eliminating a provision calling for apportionment of benefits between two successive insurance carriers. Based upon our review of the record and applicable law, we sustain the order.

I

¶ 2 Claimant Joe Catlin sustained bilateral carpal tunnel syndrome from repetitive motion during the course and scope of his employment as a welder/fitter for employer H & M Steel, Inc. He also developed complex regional pain syndrome with resulting psychological overlay. His date of last exposure to repetitive trauma is October 22, 1998. Thereafter, he remained temporarily totally disabled and received ongoing medical care and vocational rehabilitation.

¶ 3 CNA Insurance provided the employer's workers' compensation insurance coverage from April 30, 1997, to April 30, 1998.

Thereafter, such coverage was provided by Connecticut Indemnity Co., which started paying benefits to the claimant and his health care providers. On November 10, 1999, Connecticut Indemnity filed a Form 10 seeking an apportionment of liability for payment of the claimant's benefits.

¶ 4 The trial court held a hearing on the primary claim and the issue of apportionment of liability between the carriers. The claimant's medical expert stated: "It is my opinion that half of this impairment occurred prior to April 29, 1998 and half occurred after April 29, 1998." On that point, the employer's medical expert stated: "In my opinion, 40% of this patient's disease process is secondary to cumulative trauma that predated April of 1998 and 60% of his disease process is secondary to cumulative trauma that occurred subsequent to that date." However, he subsequently amended his opinion and stated that the claimant's "period of temporary total disability, which began in October of 1998, occurred solely as a result of his increased symptomatology that resulted from cumulative trauma subsequent to April of 1998."

¶ 5 In an order filed August 8, 2000, the trial court awarded the claimant benefits and found that the employer's insurer, Connecticut Indemnity, was entitled to a credit for overpayment of temporary benefits. The court ordered the employer to provide the claimant with continuing prescription medication and psychological counseling, and with a 2–year vocational rehabilitation program. On the issue of apportionment, the trial court found:

–8.–

That the claimant sustained harmful repeated trauma to his hands and arms during the period of coverage of both CNA and Connecticut Indemnity Co. Each insurance carrier is responsible for the portion (amount) of harm caused to the claimant during that carrier's period of coverage. See *Southwest United Industries v. Polston*, 964 P.2d 210 (Okl.1998); *C R Industries v. Dorsey*, 970 P.2d 179 (Okl.1998); See also *PFL Life Insurance Co. v. Franklin*, 958 P.2d 156 (Okl.1998).

–9.–

That the harm caused to the claimant during the period of coverage of CNA and during the period of coverage of Connecticut Indemnity Co. is equal. Therefore, each insurance carrier is liable for 50% of the cost of the benefits awarded to the claimant.

–10.–

That CNA shall reimburse Connecticut Indemnity Co. for 50% of the cost of benefits previously provided to the claimant by Connecticut Indemnity Co., and each carrier shall be equally liable for the cost of future benefits to the claimant.

¶ 6 The employer and CNA appealed to a three-judge panel. CNA argued in relevant part that (1) "apportionment of TTD benefits against CNA for an interval beginning six (6) months after coverage expired, is contrary to the law ....", (2) the order "is in error for its failure to address the claimant's disabling aggravation and exacerbation of his condition, during the summer of 1998, which ultimately brought about the need for medical treatment and surgery," and (3) the "award of TTD like benefits during the claimant's period of job training" is not supported by either evidence or the law. The three-judge panel struck the paragraph requiring CNA to reimburse Connecticut Indemnity for 50 percent of past and future benefits paid but otherwise affirmed the order, including the findings apportioning liability between the carriers. Connecticut Indemnity seeks our review.

II

¶ 7 Connecticut Indemnity first argues that CNA did not specifically appeal the trial court's order directing reimbursement for medical treatment and vocational rehabilitation expenses and therefore the three-judge panel exceeded its appellate authority by deleting the requirement that CNA reimburse it for those expenses. We disagree.

¶ 8 In its request for review, CNA specifically argued that the "award of *TTD like benefits during the claimant's period of job training* is not supported by any competent

evidence supporting PTD evaluation and is contrary to the law." (Emphasis added.) It is true that CNA did not use the terms "apportionment" or "reimbursement." However, the entire context of the appeal to the three-judge panel was the trial court's order of apportionment of liability and order of reimbursement of past and future benefits, *including medical treatment and vocational rehabilitation.* We find that included in CNA's appeal to the three-judge panel was its objections to its liability for *any and all* of the claimant's benefits, including medical treatment and vocational rehabilitation. We hold that the three-judge panel did not exceed its appellate authority and that this proposition of error is without merit.

### III

¶ 9 Connecticut Indemnity next alleges the three-judge panel was authorized by 85 O.S. Supp.2000 § 203 to order CNA to reimburse it for 50 percent of the expenses it incurred because the panel affirmed the trial court's apportionment of liability wherein the trial court stated that "each insurance carrier is liable for 50% of the cost of the benefits awarded to the claimant." The argument is that by affirming the trial court's apportionment of liability, but striking the order for CNA to reimburse Connecticut Indemnity for its expenses, the three-judge panel "took away the right to reimbursement." We disagree.

¶ 10 Title 85 O.S. Supp.2000 § 203 states:

A. Whenever two or more carriers disagree as to which carrier shall be liable for the continuing health care expenses of an employee, *the Court may order one of the carriers to start paying for health care costs immediately.* The decision of the Court to choose one carrier over another to pay for the medical treatment of an employee shall not be appealable until the Court's *final order as to the disability of the employee.*

B. The Court shall promulgate rules for expedited hearings in cases involving carrier disputes over the need for immediate medical care.

C. The carrier *in the final order who is liable on the risk* for the injury *shall immediately reimburse the other carrier* for medical monies expended upon proper proof of payment.

D. In the event that two or more insurance carriers or employers disagree as to which entity is liable for the payment of temporary disability benefits, the Court shall determine which carrier or employer is liable and order reimbursements as determined appropriate.

E. In the event temporary benefits are overpaid by any carrier or employer, the Court shall award a credit against any subsequent order for permanent disability in favor of the carrier or employer, subject to Section 41.1 of this title.

F. The Court shall have authority to require an employer and an insurance carrier to reimburse other employers and insurance carriers for benefits paid pursuant to the Workers' Compensation Act in appropriate cases. (Emphasis added)(footnote omitted).

¶ 11 It is clear the legislature's intent as expressed in § 203 is to initially insure prompt medical treatment for an injured worker and later to determine liability when two or more insurers "disagree as to which carrier shall be liable for the continuing health care expenses of an employee...." Section 203(A). In such an event, "the Court may order one of the carriers to start paying for health care costs immediately." *Id.* Such an order "shall not be appealable *until the Court's final order as to the disability of the employee.*" (Emphasis added.) Thus the issue of an insurer's potential right to reimbursement cannot be considered *as a matter of law until a final order has been filed adjudicating a claimant's disability status.*

¶ 12 In the case in controversy, the three-judge panel correctly determined that the trial court erred in ordering CNA to reimburse Connecticut Indemnity *at that time* because no *"final order as to the disability of the employee"* had been filed. *Id.* In fact, the trial court *specifically* stated that "the issues of permanent partial disability or permanent total disability are RESERVED for future hearing." By affirming the trial court's findings regarding apportionment of

liability between the two carriers, the three-judge panel thus preserved Connecticut Indemnity's future right to reimbursement from CNA, and CNA's liability therefore. However, the panel likewise complied with the mandate of § 203 that the parties may not appeal the court's order that one carrier pay all of a claimant's benefits and expenses until a *final order* has been filed adjudicating a claimant's disability status. Thus at the time the trial court filed its order, Connecticut Indemnity did not have a right to reimbursement of its expenses. We therefore find that the three-judge panel did not err in striking the reimbursement provision contained in the trial court's original order. The employer's second proposition of error is without merit. The order under review is therefore sustained.

¶ 13 ORDER SUSTAINED.

REIF, V.C.J., and COLBERT, J., concur.