2008 OK CIV APP 81

**SPIRIT AEROSYSTEMS, Indemnity Ins. Co. of NA (AIG), Insurance Carrier, Petitioner,**

v.

**McMILLEN, Susan; Boeing, National Union Fire, Insurance Carrier; and The Workers' Compensation Court, Respondents.**

No. 104,760.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 13, 2008.

Certiorari Denied Sept. 22, 2008.

Travis A. Fulkerson, R. Daniel Scroggins, Fellers, Snider, Blankenship, Bailey & Tippens, Tulsa, Oklahoma, for Petitioner.

Esther M. Sanders, Sanders & Associates, P.C., Tulsa, Oklahoma, for Respondent Susan McMillen.

Daniel P. Johnson, Madalene A.B. Witterholt, Amanda L. Maxfield, Crowe & Dunlevy, Oklahoma City, Oklahoma, for Respondents, Boeing and National Union Fire.

BAY MITCHELL, Vice–Chief Judge.

¶1 Employer Spirit Aerosystems, and its insurance carrier, Indemnity Insurance Company of NA (AIG) (collectively, "Spirit"), seek review of a unanimous order of the Workers' Compensation Court sitting *en banc*. The Three–Judge Panel modified and affirmed in part the trial court's Order, which authorized medical treatment of Claimant Susan McMillen ("Claimant") pursuant to 85 O.S.2001 § 203.[1]

¶2 In March 1998, Claimant was an employee of Boeing when she became aware of a work-related cumulative trauma injury[2] for which she was awarded permanent partial disability (PPD) benefits in September 2005 (the first case). In June 2005, Boeing was purchased by Spirit who became Claimant's new employer. In November 2005, Claimant filed a Form 3 against Boeing, appearing to allege a single-event injury to her neck and low back on October 14, 2005 (the second case). Three months later an Amended Form 3 in the second case was filed against

---

1. § 203. Disputes between two or more carriers or employers
A. Whenever two or more carriers disagree as to which carrier shall be liable for the continuing health care expenses of an employee, the Court may order one of the carriers to start paying for health care costs immediately. The decision of the Court to chose one carrier over another to pay for the medical treatment of an employee shall not be appealable until the Court's final order as to the disability of the employee.
B. The Court shall promulgate rules for expedited hearings in cases involving carrier disputes over the need for immediate medical care.
C. The carrier in the final order who is liable on the risk for the injury shall immediately reimburse the other carrier for medical monies expended upon proper proof of payment.
D. In the event that two or more insurance carriers or employers disagree as to which entity is liable for the payment of temporary disability benefits, the Court shall determine which carrier or employer is liable and order reimbursements as determined appropriate.
E. In the event temporary benefits are overpaid by any carrier or employer, the Court shall award a credit against any subsequent order for permanent disability in favor of the carrier or employer, subject to Section 41.1 of this title.
F. The Court shall have authority to require an employer and an insurance carrier to reimburse other employers and insurance carriers for benefits paid pursuant to the Workers' Compensation Act in appropriate cases.

2. This injury was to the neck (with radiculopathy to both arms and both hands), low back, and consequential injury to the left hip.

Spirit, alleging a cumulative trauma change of condition to her neck and low back. In January 2006, Claimant filed a Motion to Reopen (in the first case) against Boeing, alleging change of condition for the worse. These claims were consolidated.

¶ 3 Spirit denied liability for the October 2005 incident on the basis that the injury is a change of condition for the worse (thus, relating back to the original 1998 injury for which Boeing and its insurance carrier are liable) rather than a single-event injury for which Spirit would be liable.

¶ 4 A hearing was held in February 2007, after which the trial court entered an "Order Authorizing Medical Treatment" pursuant to 85 O.S. § 203, directing Spirit "to pay and provide claimant with medical treatment, with the issues of final liability of the parties and insurers, and apportionment, reimbursement, and/or contribution among the parties and insurers reserved for later determination." That order also noted in Paragraph 1 that in September 2005, an order was entered finding Claimant had sustained a cumulative trauma injury with March 1998 being the date of first awareness and March 17, 2005, as the date of last exposure. Boeing was ordered to pay PPD and other compensation in that September 2005 order.

¶ 5 Spirit appealed to the Three–Judge Panel, requesting reversal of the § 203 award [3] due to the absence of a jurisdictional finding that Claimant's injury occurred during her employment with Spirit. Spirit also requested the Panel find Claimant sustained a change of condition for the worse related to the 1998 injury at Boeing.

¶ 6 The Three–Judge Panel vacated Paragraph 1 of the trial court's order (referencing the September 2005 order against Boeing) and added an additional Paragraph 1A., which provides "[that] on OCTOBER 12, 2005, claimant sustained single event injury to the LUMBAR BACK (aggravation of pre-existing condition) arising out of and in the course of claimant's employment [with Spirit]." The Panel affirmed the § 203 order that Spirit provide and pay for Claimant's medical treatment. Spirit appeals from this determination.

¶ 7 Spirit contends the Panel erred in making a *sua sponte* first-instance determination that a single event injury occurred in October 2005, which amounts to a liability determination as to Spirit. We agree. The law does not contemplate a two-step-decisional process by which the trial court chooses one carrier over another to immediately pay for medical treatment, and on subsequent intra-court appeal, the Three–Judge Panel thereafter decides that carrier's liability. Rather, under Oklahoma workers' compensation scheme, "[u]pon the statute-authorized intra-court appeal, a Three–Judge Panel of the same tribunal may *re* examine a *trial judge's* findings of disputed fact and conclusions of law ..." (emphasis added). *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, ¶ 8, 130 P.3d 213, 218.

¶ 8 The Three–Judge Panel exceeded its authority when it rendered a *sua sponte* liability determination prior to its adjudication in the trial court, and in disregard of the trial court's express reservation of the issues of final liability of the parties and insurers for later determination. "No party-employer may be saddled with any obligation incident to a servant's on-the-job harm until the servant's claim for that injury has been adjudicated." *Red Rock Mental Health v. Roberts,* 1997 OK 133, ¶ 11, 940 P.2d 486, 490 (holding the review Panel impermissibly crafted *sua sponte* a reimbursement claim by one employer against another).[4] The Panel

---

3. While Spirit's "Request for Review by Three–Judge Panel" includes an admission that generally a Section 203 Order is not appealable, it argues the trial court's Order is nonetheless subject to appellate review because the trial court erred in failing to make a requisite jurisdictional finding of injury during Claimant's employment/coverage with Spirit. Spirit cites no authority in support of the proposition that an express jurisdictional finding is a prerequisite to

a determination under § 203 and that absent such a finding, the § 203 Order is appealable.

4. *See also Connecticut Indemnity Co. v. Catlin,* 2001 OK CIV APP 80, ¶ 12, 24 P.3d 905, 907–08 (construing § 203 and holding the Three–Judge Panel did not err in striking the trial court's order for reimbursement to one of the carriers because such an order was premature in advance of the filing of final order on claimant's disabili-

here went well beyond error correction and/or the permissible scope of its appellate review when it reached a determination on the liability of a party without allowing the trial court a first-instance opportunity to decide the issue.

¶9 Additionally, the Panel erred in reviewing the trial court's non-appealable § 203 Order. The Panel disregarded the direct statutory prohibition against appeals of § 203 determinations prior to a final disposition of claimant's disability. Section 203(A) provides in pertinent part as follows: "The decision of the Court to choose one carrier over another to pay for the medical treatment of an employee shall not be appealable until the Court's final order as to the disability of the employee." While Spirit argues the impropriety of the trial court's selection of it to pay Claimant's health care costs pursuant to § 203, this is precisely what the statute permits. "[T]he legislative intent as expressed in § 203 is to *initially* insure prompt medical treatment for an injured worker and *later* to determine liability when two or more carriers disagree...." *Connecticut Indemnity Co. v. Catlin,* 2001 OK CIV APP 80, ¶11, 24 P.3d 905, 907 (emphasis added). The statute does not require that the trial court make any express jurisdictional finding in advance of, or contemporaneously with, the entry of a § 203 order.

¶10 The trial court's Order at issue in this case did nothing more than order Spirit to pay Claimant's health care costs pursuant to § 203 with an express reservation of other issues including final liability determination at a later date. Claimant's disability status had not been adjudicated in the first instance by the trial court. Therefore, the trial court's Order is not a final order, but rather, a non-appealable ruling limited to the selection of the carrier to pay the immediate

health care costs of the injured employee. The Three–Judge Panel erred in reviewing a non-final, non-appealable § 203 Order.

¶11 The Order of the Three–Judge Panel is vacated and the matter is remanded to the trial court for further proceedings consistent herewith.

¶12 VACATED AND REMANDED.

BUETTNER, P.J., and BELL, J., concur.

---

ty). It is well established that the review of worker's compensation trial judge's orders does not require or afford trial *de novo. Department of Public Safety v. Jones,* 1978 OK 64, 578 P.2d 1197, 1199. Additionally, the parties to an appeal to the Three–Judge Panel must provide "[a] specific statement of each conclusion of law and finding of fact urged as error," are "bound by the allegations of error contained in the Request for Review and will be deemed to have waived all others...." 85 O.S. Ch. 4, App. Rule 31 A.3; *see*

*Noble County v. Cross,* 1991 OK CIV APP 31, 810 P.2d 380, 382 (noting that error not raised before a review Panel may not be considered by either the Supreme Court or Court of Appeals). Issues not expressly preserved for review in accordance with these authorities are therefore waived and may not be addressed *sua sponte* by the Three–Judge Panel, especially where such a ruling is in direct contradiction to the trial court's express reservation of the issues for a later determination.