SOONER FEDERAL SAVINGS & LOAN ASSOCIATION, Kay County Federal Savings & Loan Association and First Federal Savings & Loan Association of Lawton, Appellants,

v.

OKLAHOMA TAX COMMISSION, and The State of Oklahoma, Appellee.

No. 54607.

Supreme Court of Oklahoma.

Oct. 5, 1982.

Appeal Dismissed April 18, 1983.

See 103 S.Ct. 1760.

E. John Eagleton, James A. Hogue, Sr., Houston & Klein, Inc., Tulsa, for appellants.

Donna E. Cox, Oklahoma City, for appellee.

BARNES, Vice Chief Justice:

This case is before the Court on appeal by Sooner Federal Savings & Loan Association, Kay County Federal Savings & Loan Association and First Federal Savings & Loan Association of Lawton, from Order No. 79–12–04–06, issued December 4, 1979 by the Oklahoma Tax Commission, denying claims for refund of state income tax paid for taxable years 1972, 1973 and 1974. In their claims before the Commission, appellants sought refunds of state corporate income tax liability calculated, reported and paid on dividends distributed to appellants on stock issued by a Federal Home Loan Bank.

All the facts were presented to the Commission upon stipulation and are as follows:

1. Appellants are federally chartered savings and loan associations.

2. Appellants are required to own stock in Federal Home Loan Bank as a condition of membership in the federal home loan bank system.

3. Appellants received dividends on Federal Home Loan Bank stock owned by them in the years 1972, 1973 and 1974 and subsequent income tax years.

4. Appellants voluntarily reported and paid Oklahoma corporation income taxes on said dividends under Oklahoma Income Tax Code, Title 68 O.S.1981 § 2351 et seq., in the total amount of $13,802.12 for the years 1972, 1973, and 1974, which taxes are claimed by the state solely by virtue of the dividends received by appellants on Federal Home Loan Bank stocks owned by them.

5. Federal Home Loan Bank was organized and exists by virtue of the Federal Home Loan Bank Act, 12 U.S.C. § 1421 et seq.

6. Congressional history of 12 U.S.C. § 1433 reveals said section was enacted to provide funds more cheaply to home buyers.

7. Section 6(c) of the Federal Home Loan Bank Act provides a formula for the amount of stock each member association must own and maintain as long as it retains Bank membership, which amount is directly related to the member's advances, i.e., as the amount of stock paid in by a member association increases, its maximum amount of aggregate outstanding stock increases.

The issue before the Court is whether dividends disbursed by Federal Home Loan Bank, pursuant to 12 U.S.C. § 1421 et seq., to its stockholders, appellants, are subject to taxation under the Oklahoma Income Tax Code as income of said appellants.

Order No. 79–12–04–06, issued by the Commission after full hearing, included findings that the dividends claimed to be exempt from state tax is income to appellants and subject to non-discriminatory state income tax as authorized by 12 U.S.C. § 1464.

Appellants advance two main contentions. The first is that § 1433 of 12 U.S.C. exempts from state taxation dividends on stock issued by Federal Home Loan Banks to its members. The pertinent part of said section is as follows:

"Any and all notes, debentures, bonds and other such obligations issued by any bank, and consolidated Federal Home Loan Bank bonds and debentures, shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States, by any territory, dependency, or possession thereof, or by any state, county, municipality, or local taxing authority. The bank, including its franchise, its capital, reserve, and surpluses, its advances, and its income, shall be exempt from all taxation now or hereafter imposed by the United States, by any territory, dependency, or possession thereof, or by any state, county, municipality, or local taxing authority; . . . ."

Appellants further urge that "exemption" clauses "similar" to § 1433, supra, are found in the Federal Reserve Act, Federal Farm Loan Act, and Federal Home Loan

Bank Act, pertaining to Federal Reserve Banks, Federal Land Banks and Federal Home Loan Banks, respectively. Appellants also cite a portion of 12 U.S.C. § 531 as showing intent of Congress in § 1433, supra, to exempt their stock from state taxation, and underline that part relied on as follows:

"Attention should also be given to the provisions exempting Federal Reserve Banks, and the stock held therein by member banks from all classes of taxation."

Appellants state therefore since they are members of the Federal Home Loan Bank, and hold stock therein, dividends paid on that stock is tax exempt.

Appellants second contention is that Congress has not expressly or impliedly declared that its instrumentalities (Federal Home Loan Banks) are subject to state taxation as pertaining to the specifically mentioned items in § 1433, supra.

Appellee, Oklahoma Tax Commission, counters that 12 U.S.C. § 1464(h) controls in this case and not § 1433, supra.

12 U.S.C. § 1464 created federally chartered savings and loan associations and mandated automatic membership of the associations in a Federal Home Loan Bank.

12 U.S.C. § 1464(h) is as follows:

"No state, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, loans, or income greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions."

Appellee also cites 12 U.S.C. § 1426(k):

"All stock of any federal home loan bank shall share in dividend distributions without preference."

And, 12 U.S.C. § 1436:

" . . . . No dividends shall be paid except out of net earnings remaining after all reserves and charge-offs required under this chapter have been provided for . . . ."

In referring to 12 U.S.C. § 1464(h), § 1426(k) and § 1436, *supra,* appellee contends these enactments show Congressional intent that federally chartered savings and loan associations should enjoy dividend income from their Federal Home Loan Bank stock, paid without preference out of the net earnings of the Federal Home Loan Bank, and that the savings and loan associations should pay a state tax imposed in a non-discriminatory manner on their respective incomes; that Congress did not declare federally chartered savings and loan associations to be federal instrumentalities, nor grant them an exemption on their dividend income from state taxation; that Congress, by enacting § 1433, *supra,* expressly protects its purely governmental entities from state taxation and specifically sets forth Federal Home Loan Banks as one such entity; that in enacting § 1433, *supra,* Congress could have just as expressly included the income of federally chartered savings and loan associations in the tax exemption but it did not.

■ We agree with appellee that its order of December 4, 1979 taxing appellants' dividend income from their stock in Federal Home Loan Bank is authorized by § 1464(h), *supra,* and is proper in its application.

Appellants do not complain that the Oklahoma tax imposed is discriminatory or that their income, other than their dividends from Federal Home Loan Bank stock, is not subject to state taxing powers as are other similar financial institutions in Oklahoma, but only that this particular income is exempt under § 1433, *supra.*

However, § 1433, *supra,* as heretofore stated, does not set forth, or even imply, that federally charted savings and loan associations were to be included in the exemption granted to Federal Home Loan Banks, but does specifically name, along with "*any bank,*" Federal Home Loan Banks. The section also states, the *bank,* (referring to Federal Home Loan Bank), including *its* franchise, *its* capital, reserves and surpluses, *its* advances, and *its* income, shall be exempt. . . ." (emphasis added).

Thus § 1433, *supra,* by its very language, intends that the Federal Home Loan Bank be exempt from state taxation and in no way refers to federal savings and loan associations.

Appellants second contention is that the tax imposed by appellee on their dividend income is a tax on a federal instrumentality and is therefore contrary to constitutional and statutory provisions.

■ The general rule is that the states are without power to tax a federal instrumentality without consent of Congress. *M'Culloch v. Maryland,* 4 Wheat. 316, 17 U.S. 316, 4 L.Ed. 579 (Md.1918); *Colorado National Bank v. Belford,* 310 U.S. 41, 60 S.Ct. 800, 84 L.Ed. 1067 (Colo.1940); *Federal Land Bank v. Bismarck,* 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65 (1941); *Federal Land Bank v. Board of County Commissioners,* 368 U.S. 146, 82 S.Ct. 282, 7 L.Ed.2d 199 (1961).

However, federally chartered savings and loan associations are not federal instrumentalities within the meaning of the statutory provisions. They are not national banks, federal reserve banks, federal land banks, or federal home loan banks, to which immunity from state taxation is made clear and we find no authority to support appellants' contention that the tax immunity granted to these federal instrumentalities should extend to the dividend income of appellants from their stock in Federal Home Loan Bank.

A review of case law involving § 1464(h) supports non-discriminatory state taxation of *all* the income of federal savings and loan associations. (emphasis added).

In *First Federal Savings and Loan Association of Altadena v. Johnson, State Treasurer, et al,* 49 Cal.App.2d 465, 122 P.2d 84 (1942), First Federal Savings sought a refund of franchise taxes paid on that portion of its net income derived from funds invested by the federal government. First Federal Savings, just as appellants here, contended the tax was illegally levied because its income was exempt from all state taxes since it was an agency of the United States,

and Congress had not affirmatively authorized such income to be taxed because it was income derived from the investment of funds furnished by the government.

As to congressional intent subjecting the income of federal savings and loan associations to state taxes, the California court stated 122 P.2d at p. 86 of its opinion:

"It is acknowledged that Congress may lawfully authorize the states to levy and collect taxes on certain property and assets or income derived from governmental agencies doing business in such states by appropriate legislation therefor. From time to time, ever since 1864, Congress has specifically authorized the states to levy and collect taxes on specified classes of property and income of particular governmental agencies."

In referring to § 1464, *supra*, amended by Congress in 1934, authorizing the creation of federal savings and loan associations, the California court continued at p. 86:

"It is not stated that such associations shall become instrumentalities of the United States, . . . . Nor is it stated in § 1464, *supra*, . . . that the corporations property and assets are exempt from taxation. On the contrary, it is clearly inferred by the provisions of subdivision (h) of § 1464, that states are authorized to tax the income derived from such associations."

Continuing 122 P.2d at p. 86 the California court said:

"Although the language of subdivision (h) of § 1464 with respect to state taxation of federal agencies is negative in form, its meaning is clear and unambiguous."

The California court concluded 122 P.2d at p. 88, in referring to the taxability of such income:

"No such limitation is placed upon the taxing power of the states by the provisions of subdivision (h) of § 1464. It authorizes the state to tax all incomes of such associations. That provision contemplates the taxing of all such associations of their franchises, capital, reserves, surplus, loans or income to an extent not 'greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions.' This absence of a limitation leaves the clear inference that the entire income is taxable and that the portion which is derived from loans of funds invested by the federal government is not exempt. If Congress had intended to exempt the income derived from that source it would have so stated."

We find the language in *First Federal, supra,* very persuasive in its construction of § 1464(h), *supra,* in that dividends from Federal Home Loan Bank stock received by member federal savings and loan associations is income subject to state taxation. See also *United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982).

In *First Federal Savings and Loan Association of Boston, et al v. State Tax Commission, et al,* 437 U.S. 255, 98 S.Ct. 2333, 57 L.Ed.2d 187 (Mass.1978), the United States Supreme Court went directly to the issue of the non-discriminatory taxation aspect of § 1464(h), *supra.* First Federal Savings sought a declaratory judgment concerning the power of the State of Massachusetts to impose a tax on federal savings and loan associations. The *Supreme Judicial Court of Massachusetts,* 372 Mass. 478, 363 N.E.2d 474, upheld the challenged portion of the tax and the savings and loan association appealed. The U.S. Supreme Court treated said section as congressional consent to state taxation of the income of federal savings and loan associations. The Court stated, "It (Section 1464(h)) is one of several laws passed by Congress to protect federally chartered financial institutions from unequal and unfriendly competition caused by state laws favoring state chartered institutions. On its face, however, the Massachusetts tax scheme is not unfriendly or discriminatory."

In *First Federal Savings and Loan Association v. Loomis,* 97 F.2d 831 (Wis.1938), the 7th Circuit Court of Appeals stated, "12 U.S.C.A. § 1464(h) . . . permits state taxa-

tion only to the extent that similar state institutions are taxed."

In *Winchester, et al v. Porterfield, Tax Commissioner,* 27 Ohio St.2d 122, 271 N.E.2d 786 (1971), the Ohio court interpreted § 1464(h) "... which prohibits any state tax which discriminates against a federal association, thus impliedly granting the state power to tax upon the basis of similar treatment of similar local or state institutions."

In reaching our conclusion, we further hold that when a Federal Home Loan Bank distributes dividends to its member federal savings and loan associations, these dividends become income to said members, the disposition of which the Federal Home Loan Bank has no further control. Such becomes income, just as interest on savings and loan association loans to the public, becomes income. The ownership of that income (dividends) has shifted to federal home loan associations, appellants, and these dividends supply income and are a part of the profits of the federal savings and loan associations, and are subject to state taxation under § 1464(h), *supra.*

We therefore affirm Order No. 79–12–04–06 of the Oklahoma Tax Commission.

All Justices concur.