J.C. MASONER, Petitioner,

v.

TOSCO, Hartford Insurance and the Workers' Compensation Court, Respondents.

No. 67436.

Supreme Court of Oklahoma.

Nov. 1, 1988.

Rehearing Denied Feb. 1, 1989.

Richard A. Bell, Norman, for petitioner.

Barbara S. Rice and Chris Sturm, Oklahoma City, for respondents.

HODGES, Justice.

Claimant, J.C. Masoner, filed a claim for workers' compensation benefits for carpal tunnel syndrome injury to his left arm and hand alleged to have resulted from cumulative trauma from constant repetitive use of his hands in forming valves and operating impact wrenches over a 28½ year period during the course of his employment with employer Tosco Oil Corporation.

Masoner's claim was filed on November 18, 1985. Masoner stated on his Form 2 of his date of accident (or last hazardous exposure) was August 29, 1983. Masoner testified, however, he did not become aware that his injury was caused by his employment until he was so advised on October 1, 1985, by a doctor recommended to him by his attorney. He contends under the "awareness doctrine" as set forth in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976), the one year statute of limitations provided by 85 O.S. 1981 § 43 was not triggered until he became aware of the injury and became aware of the causal link between the injury and his employment.

Employer counters under the 1985 amendment to § 43 Masoner's claim was time barred. Both the trial court and the appellate court held Masoner's claim was barred by the two-year statute of limitations provided in 85 O.S.Supp. 1985 § 43 and denied compensation inasmuch as his claim was filed approximately two years and three months after the date of last exposure. Certiorari has been previously granted.

The dispositive question is whether 85 O.S.Supp. 1985 § 43, which limits the awareness doctrine to cases specifically mentioned, abrogates the awareness doctrine as set forth in *Munsingwear, supra,* and should be applied retrospectively to bar Masoner's claim. This issue has been recently addressed by this Court.

In *Knott v. Halliburton Services,* 752 P.2d 812 (Okla.1988), we held 85 O.S.Supp. 1985 § 43, could not operate retrospectively to bar a claim. In *Knott,* 752 P.2d at 813, we stated:

"The right to compensation and the obligation to pay such benefits are vested, and become fixed by law at the time of injury. A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter. A worker's right to compensation is determined by the laws in force when the injury is sustained, notwithstanding a subsequent amendment to the law." (footnotes omitted).

Subsequently in *B.F. Goodrich Co. v. Williams,* 755 P.2d 676 (Okla.1988), relying on *Knott, supra,* this Court held the provision in the 1985 amendment to § 43 which limits the effectiveness of the awareness doctrine to specifically mentioned cases may not have retrospective application.

*Williams, supra,* controls the disposition of the instant case. The 1985 amendment to § 43 may not be applied retrospectively to bar Masoner's claim.

Consequently, Masoner's claim for cumulative trauma injury would not be time barred until one year after he was fully aware of the nature of his injury under the pre–1985 version of § 43. Masoner's claim, therefore, was not time barred until October 1, 1986. Because Masoner filed his claim on November 18, 1985, it was timely under 85 O.S. 1981 § 43.

We therefore vacate the opinion of the Court of Appeals, reverse the order of the trial court and remand the cause for further proceedings.

DOOLIN, C.J., and OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and SIMMS, J., concur by reason of stare decisis.

LAVENDER, J., concurs in result.