2003 OK 26

### Martha J. WHITEHEAD, Appellant/Petitioner,

v.

### INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, Oklahoma, Own Risk, and The Workers' Compensation Court, Appellees/Respondents.

### No. 89,856.

Supreme Court of Oklahoma.

March 11, 2003.

As Corrected on Denial of Rehearing April 21, 2003.

---

William J. Anton, Tulsa, OK, for Appellant/Petitioner.

Catharine M. Bashaw and Lucia A. Lockwood, Rosenstein, Fist & Ringold, Tulsa, OK, for Appellee/Respondent Independent School District No. 1 of Tulsa County.

HARGRAVE, J.

¶ 1 Whitehead suffered an accidental injury to her back in the course of employment on June 24, 1992. She received temporary total disability (TTD) from June 27, 1992 until December 1, 1995. During her period of treatment for the underlying injury, it was determined that she was afflicted with systemic lupus erthematosus which is a degenerative fibroconnective tissue disorder not caused by the slip and fall injury. At trial on the question of TTD, the Independent School District No. 1 of Tulsa County (Employer) argued that the worker's TTD ended September 14, 1993, based upon the medical report of Dr. Covington, an independent medical examiner, and that it had overpaid the worker in excess of twenty thousand dollars ($20,000.00).

¶ 2 Whitehead appealed that order to the Court of Civil Appeals, which remanded the matter for redetermination of the credit due for overpayment of TTD, finding no compe-

tent evidence as to when TTD ended. On remand, the trial court changed the date from which Employer was due credit for overpayment as the period between October 12, 1994 until December 1, 1995, in the amount of ten thousand, five hundred, nine dollars and sixty-seven cents ($10,509.67). The three-judge panel affirmed the trial court and the Court of Civil Appeals sustained the three-judge panel. However, in sustaining, the Court of Civil Appeals has caused a conflict with another Court of Civil Appeals opinion, *Baxter v. Montgomery Exterminating,* 1998 OK CIV APP 75, 962 P.2d 666. We grant certiorari to resolve this conflict.

■ ¶ 3 The issue in the present matter is whether, under Rule 15(B), Workers' Compensation Court Rules, when the employer requests termination of TTD benefits and relies on a physician's report, must that physician be a "treating physician" or merely the medical expert retained by the employer to evaluate the claimant for purposes of Workers' Compensation Act proceedings. We find that under the applicable statutes, in effect at the time this action was commenced, the employer must rely upon the opinion of a "treating physician" to file a Form 11.

¶ 4 85 O.S.1991, Ch. 4, App. Rule 15 dictates how temporary compensation may be terminated. Subsection (A) deals with termination without a court order. Following the provisions of Rule 15(A), Rule 15 provides: "In all other events, temporary compensation may be terminated only as provided in subsection B of this Rule." Since employer filed a Form 11, Motion to Terminate Temporary Benefits, Title 85 O.S.1991, Ch. 4, App. Rule 15(B)(1)[now found in substantially the same form at 85 O.S. Supp.1995, Ch. 4, App. Rule 15(C)(1)], applies in the present matter. It provides in pertinent part:

> The employer shall file its Form 11, Motion to Terminate Temporary Compensation, with the Court and mail a copy thereof to the employee. If the employer's request to terminate is based upon the written medical report of a physician who indicates the employee has been released from the physician's professional care and is able to return to work, a copy of that

report which is to be offered at trial shall be attached to the Form 11. The attached medical report shall not be considered as part of the evidence before the Court unless it is admitted at the subsequent trial.

Application of this statute has caused confusion among the divisions of the Court of Civil Appeals.

¶ 5 In the new version of the applicable statute, the legislature addressed this question by providing for the termination of temporary total disability by the use of an independent medical examiner. 85 O.S. Supp. 1995, Ch. 4, App. Rule 15(B) reads:

> If the court-appointed independent medical examiner determines that the employee is capable of returning to work and the claimant elects not to do so, temporary total disability and medical benefits shall cease, unless otherwise ordered by the court as follows:
>
> 1. The court-appointed independent medical examiner shall provide a copy of the Form 5 Release to the assigned judge and mail a copy of the Form 5 to the employee and all opposing parties, when the examiner determines the claimant is capable of returning to work.
>
> 2. Temporary total disability benefits shall cease when the employee has reached maximum medical improvement on all body parts in dispute, is released from active medical care and can return to full or permanently restricted full duty, as indicated on the Form 5 Release, from the court-appointed independent medical examiner.
>
> 3. In the event that the employee objects to the cessation of temporary total disability benefits, the employee may request a hearing on the issue of reinstatement of temporary total disability benefits.

The legislature has given the Workers' Compensation Court the use of an independent medical examiner to help determine when an employee has reached maximum medical improvement. The use of this independent medical examiner allows the Workers' Compensation Court more flexibility in the deter-

mination of whether the worker has reached maximum medical improvement.

¶ 6 At the time this matter was originally presented to the Workers' Compensation Court, the court did not have the legislative mandated use of an independent medical examiner to assist in the determination of whether a worker had reached maximum medical improvement. In strictly interpreting the statute available to the Workers' Compensation Court, we find that an actual treating physician must be the one to deem whether the worker had reached maximum medical improvement.

¶ 7 At the time of the commencement of this action, the role of a treating or attending physician in the Workers' Compensation Act is found at 85 O.S.1991 § 14(A).[1] This statute reads:

> The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury. The attending physician shall supply the injured employee and the employer with a full examining report of injuries found at the time of examination and proposed treatment, this report to be supplied within seven (7) days after the examination; also, at the conclusion of the treatment the attending physician shall supply a full report of his treatment to the employer of the injured employee.

A treating or attending physician is not a physician hired by either the employer or employee merely for evaluation or rating purposes, but the physician who is actually providing medical treatment to the injured employee.

■ ¶ 8 Viewing this statute in accordance with 85 O.S.1991, Ch. 4, App. Rule 15(B)(1)[as it existed at the time of the commencement of this matter [2]] we find that the "treating physician" or "attending physician" must be the physician to determine whether the employee has reached maximum medical improvement.

¶ 9 Rule 15(B)(1) requires:

> ... If the employer's request to terminate is based upon the written medical report of a physician who indicates the employee has been released from the physician's professional care and is able to return to work, a copy of that report which is to be offered at trial shall be attached to the Form 11....

The statute denotes that employee has been under the physician's professional care and is thus, an attending or treating physician, and not merely a physician hired for evaluation or rating purposes. If the Workers' Compensation Court, in adopting Rule 15, had intended that any physician could satisfy the 15(B) requirement, it merely had to express that the claimant had reached maximum medical recovery and was able to return to work. Instead, the Workers' Compensation Court selected language necessitating that the claimant had been under the physician's care.

■ ¶ 10 After a review of the record in the present matter, the independent medical examiner in the instant matter, Dr. Covington, stated in a medical report dated September 14, 1993, that Whitehead's symptoms no longer correlated with the underlying slip and fall injury. At that time, he felt that her condition was non-surgical. He again saw Whitehead on April 18, 1995, at which point he stated that her condition was non-surgical and that he was not in the position to determine if she is capable of returning to work. However, Dr. Covington was not her treating physician. Additionally, Dr. Covington, although an independent medical examiner,

1. Although not the law at the time of the accident in the instant matter, 85 O.S. Supp.1995 § 3(17) defines an attending physician as a licensed physician who has provided or is providing medical care to the injured employment. 85 O.S. Supp. 1995 § 14(A)(2) additionally provides:

   The attending physician who renders treatment to the employee at any time shall promptly notify the employee and employer or the employers's insurer in writing after the employee has reached maximum medical improvement and is released from active medical care....

2. The applicable version of Rule 15 is that prior to its amendment, effective July 1, 1995. Claimant's injury was in June 1992. The parties' respective rights in a Workers' Compensation case are determined by the law in effect at the time of injury. *Knott v. Halliburton Services*, 1988 OK 29, 752 P.2d 812.

cannot in this matter issue a Form 5 release as provided by 85 O.S. Supp.1995, Ch. 4, App. Rule 15(B), as the accidental injury in this matter occurred prior to the enactment of that statute. Additionally, the October 12th report of respondent's evaluating physician, John Munneke, which states that she has reached maximum medical improvement, cannot be considered for a Form 11 as Dr. Munneke was not a treating physician.

¶ 11 Her treating physician, Dr. Folz, did not release her from his care until September 18, 1995. Dr. Folz released Whitehead from his care finding that she had reached maximum medical improvement as of that date. Having found, under the law at the time of claimant's injury, that the report of "treating" physician is required for the Employer's Form 11, Whitehead is thus entitled to her temporary total disability until this date. This matter is therefore remanded to the Workers' Compensation Court with instructions to reinstate the full award of temporary total disability.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT REVERSED AND REMANDED WITH INSTRUCTIONS.**

¶ 12 WATT, C.J., HODGES, LAVENDER, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 13 OPALA, V.C.J., concurs in part; dissents in part.