2006 OK 78

Jerry D. DEAN and James H. Pilkington, Individually and as Representatives of a Class of Claimants, Petitioners,

v.

MULTIPLE INJURY TRUST FUND, f/k/a Special Indemnity Fund of the State of Oklahoma, Administered by Compsource Oklahoma, f/k/a State Insurance Fund, and the Workers' Compensation Court, Respondents.

Nos. 100,295, 100,371.

Supreme Court of Oklahoma.

Oct. 17, 2006.

Thomas A. Layon, John B. Nicks, Layon Cronin & Kaiser, Tulsa, OK, for Petitioners.

Stephen G. Solomon, Derryberry, Quigley, Solomon & Naifeh, Oklahoma City, OK, for Respondent, Multiple Injury Trust Fund.

1. Section 42 was amended in 2001 during the First Extraordinary Session, ch. 3, § 15, emerg.

W.C. Doty, The Bell Law Firm, Norman, OK, for Respondent-claimants.

WINCHESTER, V.C.J.

¶ 1 There are three issues in this class action from Workers' Compensation Court: whether the court erred by refusing to certify the petitioners' awards to the district court pursuant to 85 O.S.2001, § 42, whether the special treatment of the Multiple Injury Trust Fund in § 42 is constitutional and whether the trial court may redetermine who may opt out of the class.

## I. FACTS

¶ 2 This case has a long history, with three previously published opinions from the Court of Civil Appeals: *Dean v. Special Indemnity Fund,* 1998 OK CIV APP 30, 956 P.2d 945; *Multiple Injury Trust Fund v. Dean,* 2001 OK CIV APP 30, 24 P.3d 861; and *Dean v. Multiple Injury Trust Fund,* 2003 OK CIV APP 34, 67 P.3d 356. Two appeals by the petitioners, Jerry D. Dean, James H. Pilkington, and the class of claimants, are now consolidated for review, case numbers 100,295 and 100,371. In 1993, the petitioners filed a request for payment of interest on unpaid awards, and for certification as a class. Since that time class certification was granted for awards entered on or after January 1, 1987, and not timely paid by the Special Indemnity Fund (now Multiple Injury Trust Fund). The Workers' Compensation Court found the Fund liable for interest on awards made on or after January 1, 1987, up to and including May 9, 1996, but not timely paid. The court adjudicated the amount owed for interest and granted judgment for $25,015,457.74, as calculated through October 15, 1999. This award was affirmed in *Multiple Injury Trust Fund v. Dean,* 2001 OK CIV APP 30, 24 P.3d 861, and certiorari was denied February 27, 2001.

¶ 3 On May 10, 2001, the class members filed a request for certification of their interest award to the district court pursuant to 85 O.S.Supp.1999, § 42.[1] The Workers' Com-

eff. Oct. 23, 2001, but the amendment was not

pensation Court refused to certify the award, based on the exception in favor of the MITF found in § 42(A). *Dean*, 2003 OK CIV APP 34, ¶ 2, 67 P.3d 356, 357. After the Three–Judge Panel affirmed the trial court, the Court of Civil Appeals reversed, finding that the Panel erred in its refusal to certify the judgment to district court.

¶ 4 In an order filed December 16, 2003, the Workers' Compensation Court determined certain claimants had opted out of the class action by commencing an individual action before January 29, 1997, the date the issue of liability in the class action was determined. In addition, the court also found that certain other claimants were not members of the class. The petitioners appealed this order in Case No. 100,371.

¶ 5 On January 9, 2004, the Workers' Compensation Court again refused to certify the judgment to district court based on the wording of the Court of Civil Appeals opinion that "judgments against MITF for accrued unpaid portions of a permanent total disability award may be certified to District Court." *Dean*, 2003 OK CIV APP 34, ¶ 10, 67 P.3d 356, 359. That order found that the parties stipulated the case involved only accrued interest on material increase awards and not accrued portions of permanent total disability awards, so there were no awards subject to certification in the case. The petitioners appealed this order in Case No. 100,295.

## II. SETTLED LAW OF THE CASE

¶ 6 The settled-law-of-the-case doctrine bars relitigation of issues settled by an appellate opinion. *In the Matter of the Application of Eaton Enterprises*, 2003 OK 14, ¶ 11, 65 P.3d 277, 280. This doctrine is a rule of judicial economy designed to prevent an appellate court from twice having to decide the same issue. *Patel v. OMH Medical Center*, 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195. Whether the issue was wrongfully or rightfully decided is not to be determined; once settled on appeal, the appellate court will not review the issue on the second appeal. *See*, *Reed v. Robinson*, 1923 OK 645, ¶ 6, 219 P. 296, 297.

pertinent to the issue before the Court of Civil

¶ 7 This doctrine does have an exception: it is not applied if the prior decision is palpably erroneous and this Court is convinced that failure to reverse it will result in a gross or manifest injustice. *Tibbetts v. Sight 'N Sound Appliance*, 2003 OK 72, ¶ 16, 77 P.3d 1042, 1050.

### A. Certification of Award to District Court

¶ 8 Unless the exception applies, the settled-law-of-the-case doctrine bars relitigation of whether the workers' compensation court must certify the January 27, 1997, class action judgment for collecting the interest due the class. When the petitioners first attempted to have their award certified to the district court, the Court of Civil Appeals in *Dean v. Multiple Injury Trust Fund*, 2003 OK CIV APP 34, 67 P.3d 356, reversed the decision of the Three–Judge Panel of the Workers' Compensation Court. That panel had decided that a judgment against the MITF could not be certified to district court because of the ban imposed by § 42(A) of title 85. Section 42(A) provides in pertinent part:

"If payment of compensation or an installment payment of compensation due under the terms of an award, *except in the case of an appeal of an award or an award from the Multiple Injury Trust Fund*, is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by order of the Court, *except in the case of an appeal of an award or an award of compensation from the Multiple Injury Trust Fund*, shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction. On or after November 1, 2001, compensation ordered to be paid from the Multiple Injury

Appeals.

Trust Fund shall bear simple interest only at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes from the date of the award. Any award from the Multiple Injury Trust Fund prior to November 4, 1994, shall bear interest at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes. Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation." [Emphasis added.]

Whether or not an award against the MITF may be certified to the district court depends on the meaning of the phrase used twice in § 42(A), and worded "*except in the case of ... an award from the Multiple Injury Trust Fund.*" The 2003 *Dean* case held that judgments against MITF may be certified to district court. *Dean*, 2003 OK CIV APP 34, ¶ 10, 67 P.3d 356, 359. In concluding that the judgments could be certified, the 2003 *Dean* court relied on *Special Indemnity Fund v. Maples*, 1998 OK CIV APP 157, 968 P.2d 839. Although that case was partially overruled by *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 11, n. 10, 33 P.3d 302, 307, n. 10, the 2003 *Dean* court correctly observed that *Samman* did not address the certification issue. *Dean*, 2003 OK CIV APP 34, ¶ 8, 67 P.3d 356, 358. Accordingly, the 2003 *Dean* court followed the holding in *Maples*. This Court has never construed the phrase, which was added to the statute in 1994. 1994 Okla.Sess.Laws, 2nd Ex.Sess., ch. 1, § 32.

¶ 9 The primary goal of statutory interpretation is to determine and follow the legislature's intention. *Head v. McCracken*, 2004 OK 84, ¶ 13, 102 P.3d 670, 680. That intent is ascertained from the whole act in light of its general purpose and objective. *Rout v. Crescent Public Works Authority*, 1994 OK 85, ¶ 10, 878 P.2d 1045, 1049. If the language is plain and clearly expresses legislative will, further inquiry is unnecessary. *Rout*, 1994 OK 85, ¶ 10, 878 P.2d at 1049. If the statute is ambiguous or its meaning uncertain, it is to be given a reasonable construction, one that will avoid absurd consequences, if this can be done without violating legislative intent. *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 5, 829 P.2d 15, 20.

¶ 10 On initial examination, the phrase "*except in the case of an appeal of an award or an award from the Multiple Injury Trust Fund,*" which appears twice in the statute, would seem to be a simple exception to each respective sentence in which it appears. For example, the first sentence in § 42(A) provides that if a payment of compensation or an installment payment of compensation due under the terms of an award is not made within ten days after it is due, the court may order that a certified copy of the award be filed in the office of the court clerk of any county and that certified copy shall have the same force and be subject to the same law as judgments of the district court. The rule does not apply where the award has been appealed, or where the award was against the MITF.

¶ 11 In the second sentence of § 42(A) the statute provides that compensation awarded and all payments thereof directed to be made by order of the court shall bear interest at the rate of 18% per year from the date ordered paid by the court until the date of satisfaction. Again, the exception to this is where the award has been appealed, or where the award was against the MITF. The statute further provides that on or after November 1, 2001, compensation ordered to be paid from the MITF shall bear simple interest only at the percentage rate applicable to judgments in civil cases pursuant to § 727 of title 12.

¶ 12 A cursory examination of § 42(A) would lead to the conclusion that an award against MITF cannot be certified to the district court and may not bear the 18% interest to which other late payments for compensation awards are subject. MITF is subject to

simple interest at the rate specified to judgments in civil cases, which is specified by statute. 12 O.S.Supp.2005, § 727. However, *Maples* holds otherwise regarding the certification of awards against MITF.

### B. *Special Indemnity Fund v. Maples,* 1998 OK CIV APP 157, 968 P.2d 839

¶13 In *Maples,* the Special Indemnity Fund asserted the trial court violated provisions found in 85 O.S.Supp.1994, §§ 42(A) and 172(E). The Court of Civil Appeals sustained the order of the Workers' Compensation Court. *Samman* reversed the holding regarding § 172(E), a jurisdictional issue, but that case did not review the § 42(A) holding, which permitted certification of the award to district court. *Samman,* 2001 OK 71, ¶11, n. 10, 33 P.3d at 307, n. 10.

¶14 The Special Indemnity Fund had argued that § 42(A) expressly proscribed certification of judgments against the Fund. The *Maples* Court observed that the Supreme Court in *Special Indemnity Fund v. Cole,* 1992 OK 104, ¶22, 834 P.2d 959, 963–964, found no proscription against certification of judgment against the Fund as to accrued portions of a permanent total disability award, and the Court of Appeals in *Special Indemnity Fund v. Trim,* 1992 OK CIV 163, ¶6, 843 P.2d 397, 398–399, found no proscription against certification of judgments against the Fund for accrued portions of a permanent partial disability award. The *Maples* court found that 85 O.S.Supp.1994, § 172(A) mandated payment by the Fund for permanent partial disability "in periodic installments," and § 172(B) specifically proscribed commutation of awards for permanent total disability against the Fund to a lump sum. *Maples,* 1998 OK CIV APP 157, ¶11, 968 P.2d at 844. The court continued that § 172 had been construed to proscribe acceleration of unaccrued portions of awards for either permanent total disability or permanent partial disability against the Fund under 85 O.S. § 41 [2] where the Fund had failed to promptly pay. *Maples,* 1998 OK CIV APP 157, ¶11, 968 P.2d at 844.

¶15 Because there had existed some controversy over the applicability of §§ 41 and 42 to the Fund, the *Maples* court presumed the 1994 amendment to § 42, which provided the exception for the Fund from certification of judgments, intended to settle a previous controversy, or, as that court stated, "to more clearly express the legislative intention previously indefinitely expressed." *Maples,* 1998 OK CIV APP 157, ¶12, 968 P.2d at 844, citing *Magnolia Pipe Line Co. v. Oklahoma Tax Commission,* 1946 OK 113, ¶11, 167 P.2d 884, 888. To clarify, the *Maples* court added that the exception for the Fund was to codify the "accrued-versus-unaccrued dichotomy recognized in *Cole* and *Trim.* Accordingly, the court held that § 42(A), as amended in 1994, imposed no impediment to certification of judgment for accrued, unpaid benefits by the Fund. *Maples,* 1998 OK CIV APP 157, ¶12, 968 P.2d at 844.

¶16 The *Magnolia Pipe Line* case suggests two possibilities in considering the will of the legislature when a statute is amended. The legislature must have intended "(1) to effect a change in the existing law, or (2) to clarify that which was previously doubtful." *Magnolia Pipe Line Co.,* 1946 OK 113, ¶11, 167 P.2d at 888. To determine this, surrounding circumstances may be examined.

> "Where the former statute was clear, or where its meaning had been judicially determined, the amendment may reasonably indicate that the intention of the Legislature was to alter the law. [Citation omitted.] On the other hand, where the meaning of the former statute was subject to serious doubt, or where controversies concerning its meaning had arisen, it may be presumed that the amendment was made to more clearly express the legislative intent previously indefinitely expressed."

*Magnolia Pipe Line Co.,* 1946 OK 113, ¶11, 167 P.2d at 888.

¶17 Although *Samman, Cole,* and *Trim* reveal controversies related to commuting an award against the Fund to a lump sum, the cases do not reveal a controversy concerning whether the accrued award could be certi-

---

**2.** Section 41 was last amended 1992 Okla.Sess. Laws, ch. 294, § 9.

fied. Before 1994, when § 42 was amended, nothing in that statute proscribed certification of an award against the Fund. Both *Cole* and *Trim* were decided in 1992, before the exception was added. We find it more likely that due to the Fund's continuing problem with the timely payment of awards due to lack of funds,[3] the legislature not only lowered the interest rate from 18% for the Fund, but subsequently exempted it from certification of the award. A plain reading of the amended statute confirms the legislature's intent and the strained interpretation offered in the *Maples* opinion is rejected.

 ¶ 18 We hold that 85 O.S.2001, § 42 exempts the Multiple Injury Trust Fund from certification of awards against it, just as awards that are on appeal are exempt from certification of those awards. We further hold that failure to reverse and overrule the 2003 *Dean* case and *Maples* regarding certification of Fund awards under § 42 will result in a gross or manifest injustice by violating the clear intention of the legislature to protect the funds available to pay awards against the Multiple Injury Trust Fund.[4] This case fits within the exception to the settled-law-of-the-case doctrine, and to the extent the 2003 *Dean* case and *Maples* are

---

3. *See Special Indemnity Fund v. Adams*, 1996 OK CIV APP 34, ¶ 3, 918 P.2d 84, 85.

4. The dissent asserts that the application of 85 O.S.2001, § 42(A) to this case is a violation of 85 O.S.2001, § 3.6(F), which provides: "Benefits for an injury shall be determined by the law in effect at the time of injury; benefits for death shall be determined by the law in effect at the time of death." The dissent fails to show how the procedural rule found in § 42(A) impinges on the benefits awarded the class. The benefits are neither reduced nor lost by the application of § 42(A). Recently, this Court has affirmed that statutes relating solely to remedies and therefore affecting only modes of procedure are generally held to operate retroactively and apply to pending proceedings. *Cole v. Silverado Foods, Inc.*, 2003 OK 81, ¶ 8, 78 P.3d 542, 546, *King Manufacturing v. Meadows*, 2005 OK 78, ¶ 12, 127 P.3d 584, 589.

5. As *Special Indemnity Fund v. Maples*, 1998 OK CIV APP 157, 968 P.2d 839, was overruled in one issue by *Samman v. Multiple Injury Trust Fund*, 2001 OK 71 ¶ 11, n. 10, 33 P.3d 302, 307, n. 10, and the holding in this case overrules the other issue in *Maples*, that case is wholly overruled.

contrary to this holding, they are overruled.[5] In anticipation of the possibility that this Court would so hold, the petitioners argue that the exception is unconstitutional.

### C. Constitutionality of 85 O.S.2001, § 42(A)

 ¶ 19 The petitioners argue that prohibiting certification to the district court of awards against the MITF violate Art. II, §§ 6 and 7, Art. V, §§ 46, 51 and 59.[6] In testing the validity of a state statute that differentiates in its treatment of one group of individuals over other groups, a common test is applied when considering due process of law, equal protection of the laws, and special as distinguished from general laws: that is whether the classification forming the basis for the differentiation is arbitrary or capricious, and whether it bears a reasonable relation to the object to be considered. *Texas Oklahoma Express v. Sorenson*, 1982 OK 113, ¶ 12, 652 P.2d 285, 289–290.

 ¶ 20 In considering the validity of legislation challenged under equality provisions of the federal and state constitutions, the state legislature has a wide range of discretion. Where the power to regulate ex-

---

6. Article II, § 6 provides: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Article II, § 7 provides: "No person shall be deprived of life, liberty, or property, without due process of law.

Art. V, § 46 provides in pertinent part: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: ... providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate...."

Art. V, § 51 provides: "The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State."

Art. V, § 59 provides: "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

ists, the details of the legislation and the proper exceptions to be made rest primarily within the legislature's discretion. The legislature may distinguish between groups that otherwise resemble each other, although the power cannot be exercised arbitrarily and the distinction must have a reasonable basis. *Texas Oklahoma Express,* 1982 OK 113, ¶ 14, 652 P.2d at 290.

¶ 21 The Special Indemnity Trust Fund was created in 1943 Okla.Sess.Laws, p. 259, § 3, and the name "Multiple Injury Trust Fund" was substituted for the "Special Indemnity Fund" in 1999 Okla.Sess.Laws, ch. 420, § 9, the introductory paragraph providing: "There is hereby created for the purposes herein declared, a Multiple Injury Trust Fund, formerly known as the Special Indemnity Fund, to be derived from the following sources . . . ." The purpose of this fund is to protect employers against responsibility for combination of old and new disabilities so that employers can, without fear of having to pay for disabilities not inflicted, employ a physically impaired person. *Petroleum Maintenance Co. v. Herron,* 1949 OK 76, ¶ 10, 206 P.2d 182, 184. Although the assessment rates applicable to workers' compensation insurance carriers, and self-insured employers, and others providing coverage have varied, the current amendment provides that the Oklahoma Tax Commission is responsible for the collection of the assessment. A portion is to be paid to the State Treasurer, which office pays out of the Fund only upon the order and direction of the court of this state "acting under the provisions hereof." 85 O.S.Supp.2005, § 173. The MITF is clearly administered and pays claims in a manner unlike the insurance carriers and self-insured employers. It is not a separate organization. The funds come from insurers and self-insurers, is paid to a taxing authority and paid out by the state treasurer upon a lawful order of a court.

¶ 22 Accordingly, the legislature may distinguish between the laws regulating workers compensation insurers and those regulating the Fund. Because the Fund has had a continuing problem with the timely payment of awards due to lack of funds,[7] the legislature has taken steps to protect it so that all claimants under the Fund have an opportunity to receive payment for their awards. Section 42 has previously provided a separate rate of interest for the Fund, which rate is not applicable to other insurers. *See Adams* 1996 OK CIV APP 34, 918 P.2d 84. The classification forming the basis for the differentiation between the Fund and other workers compensation insurers is neither arbitrary nor capricious, and we find it bears a reasonable relation to the object to be considered. Accordingly, the § 42 exemption benefiting the Fund is constitutional.

### B. Certification for Class Action

¶ 23 The settled-law-of-the-case doctrine, unless the exception to that doctrine applies, bars relitigation of the nature of the class claim. The class is comprised of claimants seeking interest to which they are entitled in the Workers' Compensation Act. *Multiple Injury Trust Fund v. Dean,* 2001 OK CIV APP 30, ¶ 13, 24 P.3d at 866. On October 20, 2003, the respondent-claimants filed a motion to determine their status. They requested a ruling that they had opted out of the class. In an order filed February 20, 2004, the workers' compensation court decided that certain specific claimants had opted out and certain others were not members of the class. The court continued that interest, as a matter of law, is part of an award against a respondent, and that commencement of such an action includes the commencement of an action for the interest that goes along with the award. The court ruled that any claimant who had commenced an action against the Special Indemnity Fund/Multiple Injury Trust Fund before January 29, 1997, for a material increase had "commenced an individual action" under 12 O.S.1991, § 2023(C)(2) and therefore had opted out of the subject class.

¶ 24 The 2001 *Dean* case held that the workers' compensation court is allowed to adopt the class action procedures applicable in the district courts. Section 2023(C)(2)(c) provides:

---

7. *Special Indemnity Fund v. Adams,* 1996 OK CIV APP 34, ¶ 3, 918 P.2d 84, 85.

"2. In any class action maintained under paragraph 3 of subsection B of this section, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that:

"c. any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

"Where the class contains more than five hundred (500) members who can be identified through reasonable effort, it shall not be necessary to direct individual notice to more than five hundred (500) members, but the members to whom individual notice is not directed shall be given notice in such manner as the court shall direct, which may include publishing notice in newspapers, magazines, trade journals or other publications, posting it in appropriate places, and taking other steps that are reasonably calculated to bring the notice to the attention of such members, provided that the cost of giving such notice shall be reasonable in view of the amounts that may be recovered by the class members who are being notified. Members to whom individual notice was not directed may request exclusion from the class at any time before the issue of liability is determined, and commencing an individual action before the issue of liability is determined shall be the equivalent of requesting exclusion from the class."

That statute has remained unchanged since 1984 Okla.Sess.Laws, ch. 164, § 23.

¶ 25 The class was formed to collect interest on judgments. Section 23 provides that individual notice is not required if a reasonable effort has been made to notify those eligible to be included in the class, provided notice is given by such manner as the court may direct, including publication. Section 23 further provides that members who did not receive individual notice may request exclusion from the class at any time before the issue of liability is determined. The issue of liability in this case involved setting a sum certain on interest on the judgments in favor of the class. The workers' compensation court determined that the class exceeded 500 and that it was so numerous that joinder was impracticable. Therefore, section 23(C)(2)(c) applies. The issue of interest was determined on January 29, 1997. *Multiple Injury Trust Fund v. Dean,* 2001 OK CIV APP 30, ¶ 3, 24 P.3d at 863.

¶ 26 The issue of liability in this case was over the amount of interest due the class on their judgments. For potential members of the class to be excluded from the class, provided they did not receive individual notification, they must have requested exclusion from the class before January 29, 1997, or they must have commenced an individual action for interest on their judgments before that date. The 2001 *Dean* case did not address who could be excluded from the class. Nevertheless, the ruling of the Court of Civil Appeals, which sustained the make-up of the class as determined by the workers' compensation court, set the boundaries of the types of actions that would allow exclusion from the class. Pursuant to § 23(C)(2)(c), those claimants must have commenced an action requesting interest on their judgments before January 29, 1997, to be excluded from the class. This category, therefore, excludes from the class the respondent-claimants who made claims for interest prior to January 29, 1997. That is the settled law of the case. We are not convinced the prior decision is erroneous, so it does not come within the settled-law-of-the-case exception. The workers' compensation court erred by its contrary ruling, which found the relevant fact was the commencing of an action for a material increase rather than commencing an action for interest on judgments against the MITF.

### III. CONCLUSION

¶ 27 The workers' compensation court was correct in its construction of 85 O.S.2001, § 42, that awards against the MITF cannot be certified to district court. The workers' compensation court erred in its apparent redetermination of which claimants had opted out of the class action. The exception for the MITF to certification of an award to district court is constitutional.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS

VACATED; ORDER OF THE WORKERS' COMPENSATION COURT SUSTAINED IN PART AND VACATED IN PART AND REMANDED WITH DIRECTIONS TO PROCEED IN A MANNER CONSISTENT WITH TODAY'S PRONOUNCEMENT.

LAVENDER, HARGRAVE, KAUGER, EDMONDSON, TAYLOR, JJ., CONCUR.

WATT, C.J., OPALA, J. (WHO JOINS WATT, C.J.), DISSENT.

COLBERT, J., DISQUALIFIED.

WATT, C.J., with whom OPALA, J. joins, dissenting.

¶ 1 Three prior opinions of the Court of Civil Appeals have addressed aspects of the same litigation. In *Dean v. Special Indem. Fund (Dean I)*, 1998 OK CIV APP 30, 956 P.2d 945, the appellate court held that no reviewable issue was presented when the Workers' Compensation Court left open the issue of who would be included as members of certain classes and the method of determining the appropriate compensation for each class member. *Dean II, Multiple Injury Trust Fund v. Dean*, 2001 OK CIV APP 30, 24 P.3d 861, *rehearing denied* (2000), *cert. denied* (2001), held that: 1) the Workers' Compensation Court had jurisdiction to entertain a class action to enforce a specifically granted right; 2) the one-year statute of limitations applicable to civil actions was not applicable to the claimants' action; 3) the Fund's insolvency did not prevent an award; and 4) the Fund's difficulty in paying awards was insufficient cause to grant an exception to the rule that partial payments of judgments are applied first to interest and then to principal. Finally, in *Dean v. Multiple*

*Injury Trust Fund (Dean III)*, 2003 OK CIV APP 34, 67 P.3d 356, *rehearing denied* (2003), *cert. denied* (2003), the Court of Civil Appeals determined that judgments against the Fund for accrued unpaid portions of a permanent total disability award could be certified to district court.

¶ 2 The two causes consolidated here represent the culmination of a lengthy litigation process which began in 1993 and remains unresolved in 2006. Most certainly, the litigants are hopeful that the majority opinion will be the final pronouncement in the causes and that they may now have some assurance of the collection of unpaid awards and the interest thereon. Nevertheless, no such confidence can arise from the majority's decision. At the very least, the majority writing appears internally inconsistent. Furthermore, it plays havoc with well-settled principles of workers' compensation law. For these reasons, I dissent.

¶ 3 **1) The majority opinion appears internally inconsistent in its treatment of the doctrine of the settled law of the case.**

¶ 4 The majority opinion appears internally inconsistent in that it refuses to apply the settled-law-of-the-case doctrine to *Dean III*. Nevertheless, the majority holds that the same doctrine is applicable to *Dean II*. Curiously enough, however, the settled-law-of-the-case doctrine is utilized to support a proposition which the majority admits *Dean II* does not directly address.[1]

¶ 5 At best, all one can "presume" from the majority opinion is that, based on the settled law of the case, individuals filing Form 9s for a material increase in the Workers' Compensation Court successfully opted out of the

---

1. The majority opinion provides in pertinent part at p. 1105:

 "... The issue of interest was determined on January 29, 1997. *Multiple Injury Trust Fund v. Dean*, 2001 OK CIV APP 30, ¶ 3, 24 P.3d at 863.
 The issue of liability in this case was over the amount of interest due the class on their judgments. For potential members of the class to be excluded from the class, provided they did not receive individual notification, they must have requested exclusion from the class before January 29, 1997, or they must have com-

 menced an individual action for interest on their judgments before that date. The 2001 *Dean* case did not address who could be excluded from the class. Nevertheless, the ruling of the Court of Civil Appeals, which sustained the make-up of the class as determined by the workers' compensation court, set the boundaries of the types of actions that would allow exclusion from the class. Pursuant to § 23(C)(2)(c), those claimants must have commenced an action requesting interest on their judgments before January 29, 1997, to be excluded from the class. This is the settled law of the case...."

class. However, based on the refusal to apply the doctrine to *Dean III*, the same individuals will be unable to certify judgments against the Multiple Injury Trust Fund to the district court.

### ¶ 6 In reaching its result, the majority ignores well-settled principles of workers' compensation law.

¶ 7 Most disturbing is the majority's infidelity to a statutorily imposed[2] and a long-recognized mandatory[3] rule of workers' compensation law—that **benefits for an injury shall be determined by the law in effect at the time of injury.**[4] Consistent with the rule, **this Court has refused to apply legislative changes retroactively.**[5]

¶ 8 The rules have their genesis in a recognition that compensation statutes, creating rights and obligations between the employer and employee, are a part of the contract of employment which become vested upon the injurious occurrence.[6] No subsequent amendment can operate retroactively to affect, in any way, the rights and obligations which are fixed.[7] **Both rules have been applied specifically to the respondent, Multiple Injury Trust Fund (Fund).**[8]

¶ 9 The majority states that "[b]efore 1994, when § 42 was amended, nothing in that statute proscribed certification of an award against the Fund." It then proceeds to apply the 2001 version of the statute, which contains the same language considered, to reach its determination that the Fund is exempt from certification of awards against it. In so doing, the majority affects claimants who were awarded benefits against the Fund as early as January 1, 1987.

¶ 10 *Dean II*, which the majority upholds on the basis of the settled law of the case, specifically provides at ¶ 2:

2. Title 85 O.S.2001 § 3.6(F) provides:
 "Benefits for an injury shall be determined by the law in effect at the time of injury; benefits for death shall be determined by the law in effect at the time of death."

3. Generally, the use of "shall" signifies a legislative command. *McClure v. ConocoPhillips Co.*, 2006 OK 42, ¶ 18, 142 P.3d 390; *Barzellone v. Presley*, 2005 OK 86, ¶ 35, 126 P.3d 588; *Cox v. State ex rel. Oklahoma Dept. of Human Services*, 2004 OK 17, ¶ 21, 87 P.3d 607. Nevertheless, there may be times when the term is permissive in nature. *Minie v. Hudson*, 1997 OK 26, ¶ 7, 934 P.2d 1082; *Texaco, Inc. v. City of Oklahoma City*, 1980 OK 169, ¶ 9, 619 P.2d 869.

4. *King Manufacturing v. Meadows*, 2005 OK 78, ¶ 11, 127 P.3d 584; *Whitehead v. Independent School Dist. No. 1 of Tulsa County*, 2003 OK 26, ¶ 8, 68 P.3d 978, *as corrected on denial of rehearing* (2003); *Beets v. Metropolitan Life Ins. Co.*, 1999 OK 15, ¶ 6, 995 P.2d 1071, *rehearing denied* (2000), *as corrected* (2000); *Batt v. Special Indem. Fund*, 1993 OK 163, ¶ 9, 865 P.2d 1244; *Branstetter v. TRW/Reda Pump*, 1991 OK 38, ¶ 6, 809 P.2d 1305; *Knott v. Halliburton*, 1988 OK 29, ¶ 4, 752 P.2d 812; *Weber v. Armco, Inc.*, 1983 OK 53, ¶ 0, 663 P.2d 1221; *Lekan v. P & L Fire Protection Co.*, 1980 OK 56, ¶ 4, 609 P.2d 1289; *Lee Way Motor Freight, Inc. v. Wilson*, see note 6, infra; *Apple v. State Ins. Fund*, 1975 OK 88, ¶ 10, 540 P.2d 545; *General Elec. Co. v. Folsom*, 1958 OK 279, ¶ 8, 332 P.2d 950; *Washabaugh v. Bartlett Collins Glass Co.*, 1936 OK 294, ¶ 0, 57 P.2d 1162; *Pine v. State Indus. Comm'n*, 1925 OK 287, ¶ 12, 235 P. 617.

5. *King Manufacturing v. Meadows*, see note 4, supra; *Beets v. Metropolitan Life Ins. Co.*, see note 4, supra; *Batt v. Special Indem. Fund*, see note 4, supra; *Branstetter v. TRW/Reda Pump*, see note 4, supra; *Masoner v. Tosco*, 1988 OK 124, ¶ 5, 767 P.2d 410; *Bodine v. Crane Carrier*, 1988 OK 61, ¶ 5, 755 P.2d 675; *Weber v. Armco, Inc.*, see note 4, supra; *Lee Way Motor Freight, Inc. v. Wilson*, see note 6, infra.

6. *Special Indemnity Fund v. Weber*, 1995 OK 43, ¶ 16, 895 P.2d 292; *Lekan v. P & L Fire Protection Co.*, see note 4, supra; *LeeWay Motor Freight, Inc. v. Wilson*, 1980 OK 48, ¶ 8, 609 P.2d 777; *Apple v. State Ins. Fund*, see note 4, supra.

7. *Batt v. Special Indem. Fund*, see note 4, supra; *Special Indemnity Fund v. Choate*, see note 8, infra; *Knott v. Halliburton Services*, see note 4, supra; *Special Indemnity Fund v. Michaud*, 1959 OK 203, ¶ 0, 345 P.2d 891.

8. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶ 9, 37 P.3d 899; *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 10, 33 P.3d 302; *Autry v. Multiple Injury Trust Fund*, 2001 OK 79, ¶ 14, 38 P.3d 213, *as corrected* (2001), *rehearing denied* (2001); *Batt v. Special Indem. Fund*, see note 4, supra; *Special Indemnity Fund v. Choate*, 1993 OK 15, ¶ 14, 847 P.2d 796; *Special Indemnity Fund v. Michaud*, see note 7, supra. *Special Indem. Fund v. Weber*, see note 6, supra, is not to the contrary. In *Weber*, the Court was not faced with a situation involving vested rights under an employment contract. Rather, the Court's determination that the law in effect at the time of the award would control was based on the fact that the issue presented was a "tax" rather than a condition of employment.

"In Claimants' action for interest on unpaid claims against the Fund they sought certification of a class of all claimants who have been awarded benefits against the Fund since January 1, 1987 and whose awards have not been paid. The Workers' Compensation Court entered its order June 22, 1995, in which it certified as a class all claimants who had been awarded benefits against the Fund since January 1, 1987 and whose claims remained unpaid."

To reach this result, the majority ignores mandatory statutory language providing that the law in effect at the time of the injury **shall** govern workers' compensation claims.[9] By implication, it overrules a line of our jurisprudence dating from 1925 to the present in which the Court has faithfully applied the rule.[10] Finally, it ignores precedent prohibiting the retrospective application of workers' compensation statutes.[11]

## CONCLUSION

¶ 11 The majority opinion appears internally inconsistent. It leaves the bench, the bar and the litigants with a muddled analysis of where, when and how the settled-law-of-the-case doctrine applies. Furthermore, it ignores a statutory mandate of the Legislature relating to the application of workers' compensation statutes and impliedly overrules numerous cases of this Court. Because I cannot accede to an analysis which so obfuscates and eviscerates Oklahoma workers' compensation law, I dissent.

**9.** Title 85 O.S.2001 § 3.6(F), see note 2, supra.

**10.** *King Manufacturing v. Meadows,* see note 4, supra; *Whitehead v. Independent School Dist. No. 1 of Tulsa County,* see note 4, supra; *Beets v. Metropolitan Life Ins. Co.,* see note 4, supra; *Batt v. Special Indem. Fund,* see note 4, supra; *Branstetter v. TRW/Reda Pump,* see note 4, supra; *Knott v. Halliburton,* see note 4, supra; *Weber v. Armco, Inc.,* see note 4, supra; *Lekan v. P & L Fire Protection Co.,* see note 4, supra; *Lee Way Motor Freight, Inc. v. Wilson,* see note 6, supra; *Apple v. State Ins. Fund,* see note 4, supra; *General Elec. Co. v. Folsom,* see note 4, supra; *Wa-*

*shabaugh v. Bartlett Collins Glass Co.,* see note 4, supra; *M.T. Smith & Sons Drilling Co. v. Breed,* 1930 OK 556, 294 P. 137.; *Pine v. State Indus. Comm'n,* see note 4, supra.

**11.** *King Manufacturing v. Meadows,* see note 4, supra; *Beets v. Metropolitan Life Ins. Co.,* see note 4, supra; *Batt v. Special Indem. Fund,* see note 4, supra; *Branstetter v. TRW/Reda Pump,* see note 4, supra; *Masoner v. Tosco,* see note 5, supra; *Bodine v. Crane Carrier,* see note 5, supra; *Weber v. Armco, Inc.,* see note 4, supra; *Lee Way Motor Freight, Inc. v. Wilson,* see note 6, supra.