2004 OK CIV APP 8

**Jeffrey T. SCHEETS, Petitioner,**

v.

**ADA FIRE DEPARTMENT and The Workers' Compensation Court, Respondents.**

No. 99,271.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 18, 2003.

Roger B. Hale, Wyatt, Austin, Kingery & Hale, Ada, OK, for Petitioner.

Margaret E. Dunn, Tulsa, OK, for Ada Fire Department.

OPINION

ADAMS, Presiding Judge.

¶1 Claimant Jeffrey Scheets asks us to vacate an order of a three-judge panel of the Workers' Compensation Court affirming a trial judge's denial of compensation based on a finding that Claimant's cancer was not causally related to the conditions of his employment with the Ada Fire Department (Employer). We conclude the order is supported by competent evidence and sustain it.

¶2 Claimant, a firefighter for Employer for almost 2 years, was off-duty on March 8, 2001, when he had a grand mal seizure while burning brush. He was treated at a local hospital's emergency room and released. Subsequent seizures led to further testing, and Claimant was eventually diagnosed as having brain cancer known as a glial tumor or glioblastoma. After surgery and radiation therapy, he was unable to return to work.

¶3 Six months later, Claimant filed a Form 3 for "cumulative trauma injuries," *i.e.*, alleging he had cancer of the brain resulting

from "exposure to Cancer causing agents" with last exposure date of May 30, 2001. Employer filed an answer, denying Claimant's injuries arose out of and in the course of his employment. After the trial judge found that the evidence presented by Employer was " insufficient to overcome the presumption of compensability found at 11 O.S. § 49–110,"[1] Employer filed an *en banc* appeal. A three-judge panel vacated that order and remanded the case for a new trial.[2]

¶4 After the second trial, the trial judge filed an ORDER DENYING COMPENSABILITY, finding, in pertinent part:

–1–

THAT following a review of the entirety of the lay and expert testimony offered to the Court on DECEMBER 4, 2002, the Court herein finds that competent evidence was offered to support a finding that [Claimant's] diagnosed condition of cancer (glial tumor) is not causally related to the conditions of [Claimant's] employment with [Employer].

–2–

THAT [Claimant's] demand for benefits is DENIED.

–3–

THAT the Court has hereby determined [Employer] has overcome the statutory burden in favor of [Claimant's] demand for a finding of compensability.

Claimant filed an *en banc* appeal, and the three-judge panel affirmed the trial judge's order. This review proceeding followed.

¶5 In *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218, the Court held § 49–110 was applicable to proceedings on a firefighter's workers' compensation claim for one of the diseases covered by that statute. All of Claimant's arguments are premised upon the application of this statute.

¶6 Claimant first argues that the trial court's order was insufficient because it did not explain how Employer had overcome the presumption. However, Claimant did not raise this error in his Notice of Appeal in the *en banc* appeal, and he has waived any argument based on that alleged error. *Red Rock Mental Health v. Roberts*, 1997 OK 133, 940 P.2d 486.

¶7 Claimant's remaining arguments rely on the assertion that Employer's evidence was not sufficient to overcome the presumption of compensability provided by § 49–110. He argues our review of this question is *de novo* and not governed by the "any competent evidence" standard normally

1. 11 O.S.Supp.2002 § 49–110, entitled "Certificates of disability—*Presumptions*—Medical evidence and records," provides, in pertinent part:

A. No firefighter shall be retired, as provided in Section 49–109 of this title, or receive any pension from the System, unless here shall be filed with the State Board certificates of the firefighter's disability. *Any member of the fire department of any municipality who is disabled as a result of heart disease, injury to the respiratory system, infectious disease, or the existence of any cancer which heart disease, injury to the respiratory system, infectious disease, or cancer was not revealed by the physical examination passed by the member upon entry into the department, shall be presumed to have incurred the heart disease, injury to the respiratory system, infectious disease, or cancer while performing the firefighter's duties as a member of such department unless the contrary is shown by competent evidence.* As used in this section, "infectious disease" means hepatitis, human immunodeficiency virus, meningitis and tuberculosis. Effective November 10, 1999, the provisions of this subsection relating to infectious disease shall apply.

B. Medical treatment based on the presumptions prescribed by subsection A of this section shall be provided by the municipality as a job-related illness until a court of competent jurisdiction determines that the presumption does not apply. If it is subsequently determined that the illness is not job-related, the workers' compensation provider shall be reimbursed for expenditures made for health care services by the medical plan or benefit provided by the municipality for the employee. (Emphasis added.)

2. Employer's Notice of Appeal asserted only that the trial judge's order was against the clear weight of the evidence and identified no legal error which would have necessitated a new trial. The panel's order, which determined the trial judge's order finding Employer had not overcome the presumption was contrary to law and against the clear weight of the evidence, offered no explanation concerning the reasons for ordering a new trial rather than denying the claim.

applicable where we are called upon to determine the sufficiency of the evidence presented to the trial court. We disagree.

■ ¶ 8 There is no question that the presumption applied here, and the trial court specifically recognized its application. The issue left for resolution was whether Employer's evidence rebutted the presumption that Claimant's cancer is *job-related.* That inquiry relates to the "arising out of" component of a compensable injury which contemplates a causal relationship between the act engaged in at the time of injury and the requirements of employment. *Hughes v. Cole Grain Co.,* 1998 OK 76, 964 P.2d 206.

■ ¶ 9 Whether an employee's injury "arises out of" employment presents a non-jurisdictional *issue of fact* which is to be determined by the trial judge. *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, 958 P.2d 795. Therefore, the trial judge's decision that Employer's evidence overcame the statutory presumption is a fact question. On non-jurisdictional issues, we must accept as binding the workers' compensation tribunal's findings of fact which are supported by competent evidence. *Barnhill v. Smithway Motor Express,* 1999 OK 82, 991 P.2d 527. Therefore, the any-competent evidence standard is the proper standard of review in this proceeding, under which our task is to review the evidence in the record, without weighing the evidence, to determine whether the record contains any competent evidence which reasonably supports the order. If the record contains such evidence and *the order is otherwise free of legal error,* we must sustain the order. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

¶ 10 Employer's Exhibit No. 1, Dr. John's September 29, 2002 medical report, provides competent evidence *to overcome* the statutory presumption that Claimant's *glioblastoma* is job-related. That report states, in pertinent part:

> ... the conclusion of Dr. Ishmael was that there is simply no scientific data or epidemiologic data that has in any way connected any of the exposures of [Claimant] as a firefighter with the occurrence of his brain tumor, which is a glioblastoma. It was also my opinion after researching the general literature, that there was no indication of a causative relationship between the employment of a firefighter or any of the employment exposures related to me by [Claimant] and the occurrence of his glioblastoma.
>
> \* \* \*
>
> It is my opinion that the occurrence of glioblastomas, such as the one experienced by [Claimant], are not rare and unusual and that in my own clinical experience, such tumors occur in the general population with no particular predilection for any occupational exposure.
>
> \* \* \*
>
> For the above reasons, it is my opinion within a reasonable degree of medical certainty, that there is no causation relationship between [Claimant] developing a glioblastoma and his employment with the City of Ada.

¶ 11 Based upon this record, we cannot conclude that the trial court's order is contrary to law or unsupported by any competent evidence. The order is sustained.

SUSTAINED.

JOPLIN, C.J., and BUETTNER, J., concur.