2008 OK 97

**Frank Artist WOODS, individually and as the surviving spouse of Shirley June Woods, and Deborah June (Woods) Middleton, individually and as the Personal Representative of the Estate of Shirley June Woods, deceased, Plaintiffs/Appellants,**

v.

**UNITY HEALTH CENTER, INC.; Community Health Partners, Inc., d/b/a Unity Health Center, an Oklahoma Corporation; Victor Roberts, M.D.; Michael B. Wiens, M.D.; David Hadley, M.S.; Keith Conaway, M.D.; Family Medicine Specialists, Inc.; and Family Medicine Specialists, P.C., an Oklahoma Corporation, Defendants/Appellees.**

No. 105,737.

Supreme Court of Oklahoma.

Nov. 4, 2008.

David Swank, Norman, Oklahoma, and Neil P. McGuffee, Matthew C. Goodin, McGuffee & Goodin, P.C., Oklahoma City, OK, for the Plaintiffs/Appellants.

Alexander C. Vosler, Mary B. Hanan, Melissa L. Middleton, Johnson Hanan and Vosler, Oklahoma City, OK, for Unity Health Center, Inc., and Community Health Partners, Inc., Defendants/Appellees.

Russell L. Hendrickson, Scott A. Law, Pierce Couch Hendrickson Baysinger & Green, L.L.P, Oklahoma City, OK, for Sooner Emergency Medicine Associates, Inc., and Victor Roberts, M.D., Defendants/Appellees.

Kevin Driskill, C. Scott Jones, Kelly B. Davis, Driskill & Jones, Oklahoma City, OK, for Michael B. Wiens, M.D., Defendants/Appellees.

Stephen B. Peterson, Beverly S. Pearson, J. Mark McAlester, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for David Hadley, M.S., Keith Conaway, M.D., Family Medicine Specialists, Inc., and Family Medicine Specialists, P.C., Defendants/Appellees.

WINCHESTER, C.J.

¶ 1 The issue before this Court is the constitutionality of 12 O.S. Supp.2003, § 150 [1] which deems dismissed any medical negligence lawsuit where the defendant has not been served with summons within 180 days of the filing of the lawsuit. We hold that the statute is unconstitutional.

¶ 2 Appellants challenge the constitutionality of § 150 as a special law in that it holds medical negligence plaintiffs to different and stricter standards than the general service of process statute, 12 O.S. Supp.2002, § 2004(I). Section 2004(I) provides:

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.... This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition.

Thus, although § 2004(I) permits the dismissal of a lawsuit for failure to serve summons within 180 days, it first requires notice to the plaintiff and affords an opportunity to be heard before such dismissal may occur. Medical liability plaintiffs are not afforded this same due process under § 150.

¶ 3 We find Zeier v. Zimmer, Inc., 2006 OK 98, 152 P.3d 861 instructive on the issue of whether § 150 is an unconstitutional special law. In Zeier, this Court held that 63

---

1. Title 12 O.S.2003, § 150 provides: "In any medical liability action, a summons shall be served on the defendant, or defendants, within one hundred eighty (180) days of the filing of the lawsuit or the case shall be deemed dismissed without prejudice."

O.S. Supp.2003 § 1–1708.1E, which required a medical malpractice claimant to attach to the petition an affidavit of merit, was unconstitutional.

¶ 4 In addressing the constitutionality of § 1–1708.1E, the Court first determined whether the statute was general or special in nature. Whereas a general law encompasses all of a class, a special law rests on a false or deficient classification and creates preference and establishes inequity. *Zeier*, 2006 OK 98, ¶ 29, 152 P.3d at 873. The Court reasoned:

> The terms of art. 5, § 46[2] command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. **In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things.** The test is whether the provision fits into the structured regime of established procedure as part of a symmetrical whole. If an enactment injects asymmetry, the § 46 interdiction of special law has been offended.

*Zeier*, 2006 OK 98, ¶ 13, 152 P.3d at 867. (Footnotes omitted.)(Emphasis in original.) Finding § 1–1708.1E to be an impermissible special law, the Court concluded that the statute had "no counterpart in the general law of tort claims" and improperly set "aside a subset of negligence plaintiffs for different procedural and evidentiary treatment based on the type of action" pursued by those plaintiffs. *Zeier*, 2006 OK 98, ¶ 17, 152 P.3d at 868.

¶ 5 Just as the statute in *Zeier* impermissibly singled out medical negligence plaintiffs for different procedural treatment, so too does § 150. Section 150 denies such plaintiffs prior notice of dismissal proceedings while the ordinary plaintiff receives notice and an opportunity to be heard prior to any dismissal. Because § 150 separates medical negligence plaintiffs for different treatment, we determine that it is an unconstitutional special law prohibited by art. 5, § 46 of the Oklahoma Constitution.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

ALL JUSTICES CONCUR.

---

2. The Okla. Const. art. 5, § 46 provides in pertinent part: "The Legislature shall not, except as otherwise provided in the Constitution, pass any local or special law authorizing: ... Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts ..."