2009 OK CIV APP 36

**CITY OF EDMOND, Own Risk # 14514, Petitioner/Appellant,**

v.

**Timothy K. VERNON and The Workers' Compensation Court, Respondents/Appellees.**

No. 105,820.

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 22, 2008.

Certiorari Denied March 30, 2009.

Charles G. Braun, Hornbeek Vitali & Braun, P.L.L.C., Oklahoma City, OK, for Petitioner/Appellant.

Jeffrey M. Cooper, Homsey, Cooper, Hill & Associates, Oklahoma City, OK, for Respondent/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Petitioner, City of Edmond, seeks review of a workers' compensation court order awarding benefits to Respondent, Timothy K. Vernon (Claimant). City challenges the constitutionality of 11 O.S. Supp.2008 § 49–110, which creates a presumption that municipal firefighters who are disabled by cancer incurred the disease while performing job-related duties. We find the statute constitutional and sustain the order.

## FACTS

¶2 Claimant is a firefighter who has been employed by City since 1990. After he was diagnosed and treated for colon cancer, Claimant filed a Form 3. He asserted that his cancer was a cumulative trauma injury caused by his repetitive exposure as a fire-fighter to hazardous materials, such as smoke, chemicals, and contaminants. Claimant relied on 11 O.S. Supp.2008 § 49–110(A), which states in part:

> Any member of the fire department of any municipality who is disabled as a result of heart disease, injury to the respiratory system, infectious disease, or the existence of any cancer which heart disease, injury to the respiratory system, infectious disease, or cancer was not revealed by the physical examination passed by the member upon entry into the department, shall be presumed to have incurred the heart disease, injury to the respiratory system, infectious disease, or cancer while performing the firefighter's duties as a member of such department unless the contrary is shown by competent evidence.

City denied Claimant's work activities were the major cause of the cancer and asserted that § 49–110 was an unconstitutional special law.

¶3 A good deal of evidence was presented at trial. Claimant testified that he had repeatedly been exposed to a wide variety of burning and hazardous materials. He admitted his protective breathing equipment was "the best," but stated that exposure to smoke, diesels, and carcinogens was unavoidable. He also introduced the medical report of Dr. Lance E. Rosson, who opined that Claimant's cancer was primarily caused by the repetitive exposure to multiple carcinogens while employed by City.

¶4 City presented the medical report of Dr. Kent C. Hensley, who testified that "the science" did not support a relationship between Claimant's job and his cancer. He opined that the major cause of Claimant's cancer was most likely dietary in origin. City also presented a report by Ashley Muir, an epidemiologist, who examined 23 studies of firefighter health. She concluded that none of the studies provided an accurate measure of occupational exposure and the available literature did not support a conclusion that firefighters have an increased risk of cancer or increased mortality. City also presented evidence that Claimant had worked for 11 years at a second job, per-

forming hazardous material cleanup for a private company.

¶ 5 The workers' compensation court awarded Claimant benefits, finding that City had failed to overcome the § 49–110 presumption that Claimant's cancer arose out of and in the course of employment with City. In its thorough and well-reasoned opinion, the court also rejected City's argument that the statute was unconstitutional, stating:

"In testing the validity of a statute that differentiates in its treatment of one group of individuals over other groups, a common test is applied when considering due process of law, equal protection of the laws, and special as distinguished from general laws: that is whether the classification forming the basis for the differentiation is arbitrary or capricious, and whether it bears a reasonable relation to the object to be considered." *Dean v. MITF*, 2006 OK 78, 145 P.3d 1097, citing with approval *Texas Oklahoma Express v. Sorenson*, 1982 OK 113, ¶ 12, 652 P.2d 285, 289–90 . . . . "The legislature may distinguish between groups that otherwise resemble each other, although the power cannot be exercised arbitrarily and the distinction must have a reasonable basis." *Dean v. MITF*, supra, 2006 OK 78, ¶ 20.

. . .

It appears that the legislature recognized that firefighters, in the course of their activities, are exposed to inhalation of smoke or noxious fumes, and are subjected to unusual stresses and strains greater than those of other occupations, and that such exposure, stresses and strains are causative of or contributory to the development of the specified heart disease, lung injuries, infectious disease and cancer. The provision also reflects an apparent legislative understanding that there is a high incidence of heart disease, lung injuries, infectious disease and cancer among firefighters. It has not been shown that the legislature acted arbitrarily or did not have a reasonable foundation in providing for firefighters as a class. Title 11 O.S., § 49–110 is a valid legislative enactment.

¶ 6 City appealed to a three-judge panel, which unanimously affirmed. City now seeks our review.

## STANDARD OF REVIEW

■ ¶ 7 We will sustain the decision of the workers' compensation court on appeal if it is supported by any competent evidence. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 2, 684 P.2d 548, 549. A statute's constitutional validity and its construction and application are questions of law reviewed *de novo, i.e.*, without deference. *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 2006 OK 58, ¶ 2, 152 P.3d 165, 171.

## ANALYSIS

### 1. *The Constitutional Challenge*

■ ¶ 8 Every legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably, and plainly inconsistent with the Constitution. *Mehdipour v. State ex rel. Dep't of Corr.*, 2004 OK 19, ¶ 22, 90 P.3d 546, 555. The burden is upon City, as the moving party in this case, to show beyond a reasonable doubt that 11 O.S. Supp.2008 § 49–110(A) is unconstitutional. *See City of Enid v. Pub. Employees Relations Bd.*, 2006 OK 16, ¶ 5, 133 P.3d 281, 285.

¶ 9 The Oklahoma Constitution, Article 5, § 46, enumerates 28 areas in which the Legislature is absolutely prohibited from passing special laws unless it is allowed to do so elsewhere in the Constitution. One of those areas is "[r]egulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts . . . ." City asserts that § 49–110(A) violates this portion of the Constitution because the statute extends the benefit of the presumption only to firefighters, to the exclusion of all others, including other "first responders." These other first responders are law enforcement or emergency medical personnel, who, like firefighters, face dangerous situations. Resolving this claim involves a thorough look at the way our courts have applied the Constitutional provision.

¶ 10 The Supreme Court has recently decided several Article 5, § 46 challenges. In *Glasco v. State ex rel. Oklahoma Department*

·*of Corrections,* 2008 OK 65, ¶ 21, 188 P.3d 177, 184, the Supreme Court stated:

Generally, a special law singles out particular persons or things upon which it operates, while a general law embraces and operates upon all or all within a class. Where a statute operates upon a class, the classification must be reasonable and pertain to some peculiarity in the subject of the legislation and there must be some distinctive characteristic upon which different treatment is reasonably founded. (Citation omitted).

¶ 11 In *Glasco,* the Court upheld a statute permitting the State to discharge employees who had been on leave without pay for a year. The plaintiff asserted the statute targeted state employees for different treatment than other injured workers. But the Court pointed out there was no evidence the classification of "state employee" was an unreasonable legislative classification; or that such a class had no reasonable relationship to the express purposes of the Oklahoma Personnel Act; or that the class had no distinctive characteristic upon· which different treatment could be reasonably founded. Furthermore, the Court concluded that the statute treated alike all members of the class of state employees on leave without pay.

¶ 12 On the other hand, in *EOG Resources Marketing, Inc. v. Oklahoma State Board of Equalization,* 2008 OK 95, 196 P.3d 511, the Court held unconstitutional a statute that imposed a moratorium on changes in the valuation of gas gathering assets. The evidence showed various companies were similarly situated, except that under the statute, some continued to be assessed one way, while the plaintiff was assessed another way. *Id.* at ¶ 22. The court concluded this was an unreasonable distinction that "boils down to nothing more than choosing a date. The method by which a gas gathering company was assessed in 2002 is not a distinctive characteristic upon which different treatment is reasonably founded." *Id.* at ¶ 23.

¶ 13 Similarly, in *Woods v. Unity Health Center, Inc.,* 2008 OK 97, 196 P.3d 529, the Court struck down a statute that deemed dismissed any medical negligence lawsuit where the defendant had not been served with summons within 180 days of the lawsuit's filing. The statute was held to be an unconstitutional special law since it singled out medical negligence plaintiffs for different treatment than ordinary plaintiffs.

■ ¶ 14 A review of these and other cases reveals that, while the appropriate analysis "consists only of determining whether the statute is a general law or a special law," *EOG* at ¶ 19; a court must specifically examine whether those receiving different treatment are similarly situated as others, whether a separate classification is based on some legislative rationale, and whether the classification possesses characteristics upon which different treatment can be reasonably founded.

¶ 15 *Dean v. Multiple Injury Trust Fund,* 2006 OK 78, 145 P.3d 1097, which the trial court cited in its decision, is such an example. There the Supreme Court held that the Legislature could lawfully distinguish between workers' compensation insurers and the Multiple Injury Trust Fund. The Court reasoned that the Fund had its own purposes—to protect employers against responsibility for combination of old and new disabilities so that they could hire physically impaired persons, and to deal with a continuing problem of lack of funds. The Court applied an arbitrary or capricious standard to the statute: "whether the classification forming the basis for the differentiation is arbitrary or capricious, and whether it bears a reasonable relation to the object to be considered." *Id.* at ¶ 19, 145 P.3d at 1103.

¶ 16 The Court reached a similar result in *McCarroll v. Doctors General Hospital,* 1983 OK 54, 664 P.2d 382. *McCarroll* is especially relevant because it recognized the Legislature's authority to make reasonable classifications based on public safety occupations. The Court held that enacting a special statute of limitations applicable to all health care providers was not arbitrary, even though Article 5, § 46 specifically prohibited special laws dealing with limitations. The Court approved the following language from 16 Am. Jur.2d *Constitutional Law* § 775:

Since the establishment of regulations of a particular trade or business essential to

the public health and safety is within the legislative capacity of the state in the exercise of its police power, the classification of the subjects of such legislation, so long as it has a reasonable basis and is not merely an arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to any person the equal protection of the laws. Legislation affecting alike all persons pursuing the same business under the same conditions is not class legislation. Classification of employees' occupations by statute may be based not only on the character of the employees, but on the nature of the employment; and a statute dealing with employees in a particular line of business does not effect arbitrary discrimination merely because operation of the statute is not extended to other lines of business having their own circumstances and conditions. But if some persons engaged in a calling or business are subjected to special burdens or favored by special privileges while other persons engaged in the same calling or business are not so treated, the legislation is based upon unconstitutional discrimination.

*McCarroll* at ¶ 23, 664 P.2d at 386.

■■■ ¶ 17 By adopting the presumption, the Legislature recognized the importance of firefighters in our society and the unique danger of their occupation. While other first responders are also faced with danger, the firefighter must enter burning buildings and is most directly exposed to smoke and other hazardous materials, no matter how sophisticated his or her equipment. The Legislature reasonably concluded that such exposure might have a direct effect on a firefighter's health, and it applied the presumption to diseases whose causes are not always known with medical certainty. Courts are not allowed to "judge the wisdom, fairness, or logic of legislative choices." *Gladstone v. Bartlesville Indep. Sch. Dist.*, 2003 OK 30, ¶ 12, 66 P.3d 442, 448. Although City presented studies suggesting that firefighters have no increased risk for cancer, these studies are not conclusive, and Claimant presented contrary evidence.

¶ 18 For these reasons, we find that the statutory presumption is based upon a reasonable legislative classification, that such classification has a reasonable relationship to the express purposes of the Worker's Compensation Act and public policy, and that this class, municipal firefighters, has distinctive characteristics upon which different treatment can be reasonably founded.[1] Thus, we conclude that § 49–110(A) does not violate Article 5, § 46 of our Constitution.

■■■ ¶ 19 City also asserts the statute violates Article 5, § 59, which states, "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." As *EOG* explains, this is the broadest applicable prohibition on special laws in our Constitution, and requires a three-part test: 1) Is the statute a special law or a general law? 2) If the statute is a special law, is a general law applicable? and 3) If a general law is not applicable, is the statute a permissible special law? *Id.* at ¶ 17. This third part of the test asks whether the special legislation was reasonably and substantially related to a valid legislative objective. *Grant v. Goodyear Tire & Rubber Co.*, 2000 OK 41, ¶ 9, 5 P.3d 594, 598.

¶ 20 In the present case, the statute is clearly a special law, and no general law is applicable. However, as explained above, the Legislature was entitled to determine that firefighters were particularly vulnerable to exposure to disease-causing smoke and hazardous chemicals, and this presumption is related to a valid objective. Thus, we conclude that § 49–110(A) does not violate Article 5, § 59 of our Constitution.

■■■ ¶ 21 Finally, City asserts that § 49–110(A)'s presumption requires compliance with § 49–110(B), and thus denies it procedural due process. The latter section states:

Medical treatment based on the presumptions prescribed by subsection A of this section shall be provided by the mu-

---

1. Our conclusion is consistent with the great weight of authority from other jurisdictions. For example, *Colgan v. Board of County Commissioners for Prince George's County,* 21 Md.App. 331, 320 A.2d 82 (Ct.Spec.App.1974), surveyed over a dozen states with laws conferring benefits on firefighters, and concluded that in almost every case, such laws have been upheld "as a natural and reasonable classification within constitutional limits." *Id.* at 87.

nicipality as a job-related illness until a court of competent jurisdiction determines that the presumption does not apply. If it is subsequently determined that the illness is not job-related, the workers' compensation provider shall be reimbursed for expenditures made for health care services by the medical plan or benefit provided by the municipality for the employee.

City asserts the statute denies it procedural due process because if a firefighter chooses *not* to pursue a workers' compensation claim, it is nonetheless required to provide medical treatment and has no access to a "court of competent jurisdiction."

¶ 22 This argument fails for a simple reason: Claimant *has filed a claim* for compensation, City has had access to the courts, and, therefore, it has clearly not been deprived of procedural due process. Whether City would be denied procedural due process under other circumstances is not a matter which we may now determine. Oklahoma courts are not allowed to give advisory opinions. *City of Shawnee v. Taylor*, 1943 OK 11, ¶ 4, 132 P.2d 950, 952.

### 2. Application of the Presumption and the Evidence Produced

¶ 23 City also asserts the workers' compensation court erred in finding that City failed to rebut the statutory presumption. Firefighters are entitled to the presumption *unless the contrary is shown by competent evidence. Johnson v. City of Woodward*, 2001 OK 85, ¶ 18, 38 P.3d 218, 226 (emphasis in the original). Here, City asserts that it introduced competent evidence in the form of studies showing firefighters are not at greater risk for cancer than are other persons, and, therefore, it rebutted the presumption.

¶ 24 Two recent Court of Civil Appeals decisions illustrate how the statutory presumption is applied. In *Scheets v. ADA Fire Department*, 2004 OK CIV APP 8, 83 P.3d 905, the employer presented a report, somewhat similar to City's evidence in the instant case, showing there was no connection between a firefighter's exposures and his particular cancer, glioblastoma. The workers' compensation court found the burden had been overcome, and denied benefits to the firefighter. The Court of Civil Appeals sustained, pointing out that the employer's med-

ical report was competent evidence, and whether an "[e]mployer's evidence overcame the statutory presumption is a fact question." *Id.* at ¶ 9, 83 P.3d at 907.

¶ 25 In contrast, in *City of Tulsa Fire Department v. Miller*, 2006 OK CIV APP 57, 135 P.3d 850, the employer presented medical evidence that a firefighter's hepatitis was not work-related and could have come from several other factors, but the firefighter presented a medical report concluding that his disease was work-related. The workers' compensation court awarded compensation to the firefighter. The Court of Civil Appeals sustained, holding that the employer had failed to produce sufficient evidence to convince the trial court to the contrary. *Id.* at ¶ 14, 135 P.3d at 853.

¶ 26 Here, as in *Miller*, the workers' compensation court received conflicting medical evidence and concluded that City had not overcome the statutory presumption. Generally, the workers' compensation court's determination of a factual question is final. *See* 85 O.S. Supp.2008 § 26(B). Because there is competent evidence to support the trial court's determination, its decision is sustained.

¶ 27 SUSTAINED.

RAPP, C.J., and BARNES, J., concur.