ELIAS v. CITY OF TULSA
2022 OK CIV APP 18
Case Number: 119526
Decided: 09/17/2021
Mandate Issued: 05/25/2022
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2022 OK CIV APP 18, __ P.3d __

 

JEFFREY ELIAS, Petitioner,
v.
CITY OF TULSA and OWN RISK #10435,
and
THE WORKERS' COMPENSATION COMMISSION, Respondents.

APPEAL FROM THE WORKERS' COMPENSATION
COMMISSION EN BANC

AFFIRMED

Michael R. Green, LAW OFFICE OF MICHAEL R. GREEN, Tulsa, Oklahoma, for Petitioner/Appellant,

Conner E. Brittingham, Cyrus Nathaniel Lawyer, LATHAM, STEELE, LEHMAN, KEELE, RATCLIFF, FREIJE & CARTER, P.C., Tulsa, Oklahoma, for Respondents/Appellees.

THOMAS E. PRINCE, JUDGE:

¶1 Jeff Elias ("Appellant") seeks review of an Order Affirming Decision of Administrative Law Judge by the Oklahoma Workers' Compensation Commission En Banc ("Commission") . The issues here are: (1) whether the Order denying Appellant monetary benefits was based on the appropriate interpretation of 85A O.S. § 46H; and (2) whether § 46H violates the fundamental protections of due process, Okla. Const., art. II, § 6, or represents a special law, prohibited by Okla. Const. art. 5, § 59. We base our holding on the fundamental principle that it is not the role of the judiciary to weigh the wisdom of legislation, as such decisions are the proper province of the Legislature--regardless of the harshness of the outcome. For the reasons stated, we answer the questions presented in the negative and affirm the decision of the Commission.

BACKGROUND

¶2 The relevant factual background is straightforward and essentially uncontested. Elias sought workers' compensation benefits for cumulative trauma binaural hearing loss stemming from his twenty-six (26) years on the job as a Tulsa Police Officer, with a date of last exposure of November 30, 2017.85A O.S. § 46

¶3 A hearing was conducted before an ALJ on August 18, 2020. During the hearing, Elias requested a PPD award for his ears, since he has never received an award for his ears or, alternatively, the assignment of a percentage of disability for his compensable work-related injury to his ears. An Order was entered on August 26, 2020, in which the ALJ determined that Elias had sustained a 38% PPD to the ears (hearing loss) over and above a preexisting 13.8% disability. The ALJ rejected the Respondent's assertion that the award for binaural hearing loss should be converted to a whole person impairment, citing § 46A(16). Significantly, the ALJ determined that the 38% PPD award (equating to 125.4 weeks) to the ears was not payable to Elias based on the cumulative cap set forth in § 46H, writing, in part, that: "the sum total of all combined PPD awards cannot exceed 350 weeks pursuant to Title 85A O.S. § 4685A O.S. § 46

¶4 The ALJ's Order specifically delineated the award to Elias, as follows:

1. That on November 30, 2017, Claimant sustained compensable cumulative trauma injury to his BILATERAL EARS.

***

3. That as a result of said injury, Claimant has sustained a 38% (125.4 weeks) permanent partial disability to the BILATERAL EARS over and above a preexisting 13.8% disability.

4. That the award is not payable to Claimant pursuant to Title 85A O.S. § 46

5. Claimant is awarded continuing medical maintenance in the form of maintenance, repair and replacement of hearing aids.

***

¶5 Elias appealed the case to the Workers' Compensation Commission En Banc, which conducted a hearing on August 18, 2020. By Order dated April 7, 2021, the Commission affirmed the ALJ's decision. This appeal followed.

STANDARD OF REVIEW

¶9 An appellate court "may modify, reverse, remand for rehearing, or set aside the judgment or award" of the Workers' Compensation Commission "only if it was":

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative
and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. § 78C.

¶10 Elias has alleged legal error with respect to statutory interpretation and constitutional claims. The issues of a statute's constitutional validity, together with its interpretation and application, are questions of law subject to de novo review. Brown v. Claims Management. Resources Inc., 2017 OK 13391 P.3d 111Gillispie v. Estes Express Lines, Inc., 2015 OK CIV APP 93361 P.3d 543

ANALYSIS

¶11 Elias has asserted two propositions of error in the Exhibit "C" of his Amended Petition in Error: (1) whether the Order denying Elias monetary benefits was based on a proper interpretation of 85A O.S. § 46H; and (2) whether § 46H violates the fundamental protections of due process, Okla. Const., art. II, § 6, and represents a special law, prohibited by Okla. Const. art. 5, § 59. We will address each issue in turn.

The Commission Properly Interpreted and Applied § 46H's Cumulative PPD Cap

¶12 The proper meaning of § 46H is at the core of this appeal. It is our duty to give meaning and effect to the words chosen by the Legislature, unless to do so would result in an absurdity. See Tate v. Browning-Ferris, Inc., 1992 OK 72833 P.2d 1218Hill v. Board of Education, District I-009, Jones, Oklahoma, 1997 OK 11944 P.2d 930Greenwood Centre, Ltd. v. Nightingale, 2020 OK 59465 P.3d 1269

¶13 The text of § 46H, is as follows:

The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund, shall not exceed three hundred fifty (350) weeks.

¶14 With the enactment of §46H, the maximum number of PPD weeks that can be awarded over the course of a claimant's lifetime is 350 weeks (rather than the 520 weeks provided under the prior law). Elias urges the Court to apply the rule of statutory construction that considers the history of the various prior versions of §46H to ascertain legislative intent. Appellant's Br.-in-chief at 9; Appellant's Reply Br. at 4-5; see also McNeill v. City of Tulsa, 1998 OK 2953 P.2d 32985 O.S. 2011, § 333

The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund, shall not exceed five hundred twenty (520) weeks, except for awards for amputations and disability to the parts of the body for which surgery was received in the latest injury.

(emphasis added). In light of the fact that § 46H significantly reflects the law that was in effect at the time the AWCA was enacted (with a concomitant reduction of 520 weeks to 350 weeks), it is difficult to conclude that any further review of prior statutory versions of this language would aid the Court in a resolution of this case.

¶15 Elias also urges that a conflict exists between the language in § 45C(6) and § 46H. Section 45C(6), provides, in part, that "[t]he fact that an employee has suffered previous disability or received compensation therefor shall not preclude the employee from compensation for a later accidental personal injury or occupational disease." Based on this alleged conflict, Elias appears to argue that an ambiguity exists, arguably justifying the use of another rule of statutory construction. See Keating v. Edmondson, 2001 OK 11037 P.3d 882expressio unius est exclusio alterius," Greenberg v. Wolfberg, 1994 OK 147890 P.2d 895OCPA Impact, Inc. v. Sheehan, 2016 OK 84377 P.3d 138

¶16 Additionally, Elias argues for a limitation with respect to the legislature's use of the term "all" in § 46H, where the statute references "all permanent partial disability awards." In substance, Elias requests that we limit the meaning of "all," so that PPD that predated enactment of the AWCA be excluded (i.e., not included for purposes of calculating the sum of "all permanent disability awards"). The error with Elias' proposition is that "all" means "all" in § 46H because the statute contains no qualifier or other limitation, such as "all, except . . ." or "all, not including . . . ." Therefore, the term "all" includes all PPD awards, both those that predated enactment of the AWCA and those that were entered subsequent to enactment of the AWCA.

¶15 Under the plain and unambiguous language of § 46H, all of Elias' permanent disability awards, including those that predated enactment of AWCA, were properly combined for purposes of calculating the cap on permanent partial disability awards. Consequently, we find that the Commission properly interpreted and applied § 46H, to bar payment of the adjudicated award to Elias because the sum total of all combined PPD awards cannot exceed 350 weeks.

Section 46H Does Not Infringe Any Constitutional Protections

Okla. Const. art. 5, § 59

¶16 Elias erroneously claims that § 46H violates the prohibition on the enactment of a special law, as established by Okla. Const. art. 5, § 46. In Glasco v. State ex rel. Oklahoma Department of Corrections, 2008 OK 65188 P.3d 177

Generally, a special law singles out particular persons or things upon which it operates, while a general law embraces and operates upon all or all within a class. Where a statute operates upon a class, the classification must be reasonable and pertain to some peculiarity in the subject of the legislation and there must be some distinctive characteristic upon which different treatment is reasonably founded.

(citations omitted) (emphasis added); see also City of Edmond v. Vernon, 2009 OK CIV APP 36210 P.3d 860

¶17 We find that § 46H does not treat similarly situated persons differently. Rather, the requirements of § 46H are even-handed. Thus, the special law proscription in Okla. Const. art. 5, § 46 has not been violated.

Okla. Const., art. II, § 6

¶18 Elias further improperly asserts that §46H violates the prohibition in Okla. Const. art. II, § 6, establishing the "right to a remedy":

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

¶19 The Court addressed a challenge to a prior version of § 46H, under Okla. Const. art. II, § 6, in Rivas, 2000 OK 68Rivas, the Court stated, in part, that art. II, § 6, is intended to establish a limitation on the authority of the judiciary and is not a substantive limitation on the Legislature:

In interpreting our constitutional remedy guarantee, the Oklahoma Supreme Court has held that [art. 2, § 6] . . . does not impose any substantive limitation on the legislature. In Adams v. Iten Biscuit, this Court held that the right to remedy guarantee afforded by Art. 2, § 6 is a mandate to the judiciary and is not intended to be a limitation on the authority of the legislature. Id. The constitutional guarantee mandates that the courts should be open and afford a remedy for those wrongs that are recognized by the law of the land.

Id. ¶ 17 (citations omitted) (emphasis added).

¶20 The flaw with Elias' argument is that the courts are not able to provide a remedy where the Legislature has not acted to provide one. Rivas ¶20. Moreover, contrary to Elias' argument, §46H does not cause a forfeiture of any vested property rights. In short, as also stated in Rivas, a claimant "cannot be heard to complain if the rule is changed before any rights have accrued to him thereunder." Id. ¶24, quoting Adams v. Iten Biscuit Co., 1917 OK 47162 P. 938

Due Process 

¶21 Elias' substantive due process challenge also fails. Elias asserts that "the balance of . . . struck by the Grand Bargain has been tipped to[o] far in employer's favor . . . ." Appellant's Br.-in-chief at 11. This argument fails, simply, because, for due process analysis, the proper test is not whether the "scales" between the claimant and employer are in balance, but whether §46H is rationally related to a legitimate government interest and if the challenged legislation reasonably advances that interest. See Hill v. American Medical Response, 2018 OK 57423 P.3d 1119Hill, the Court rejected several challenges to the requirement in § 45C, that physician opinions are to be based on the criteria established by the current edition of the AMA Guides. Id. ¶ 20. The Court in Hill held that substantive due process "encompasses a general requirement that all government actions have a fair and reasonable impact on the life, liberty, or property of the person affected . . . the analysis requires an adjudication of whether the legislation is rationally related to a legitimate government interest and if the challenged legislation reasonably advances that interest." Id. ¶¶ 49-50 (citations omitted). See Maxwell v. Sprint PCS, 2016 OK 41369 P.3d 1079

¶22 Section 46H is rationally related to and reasonably advances a legitimate governmental interest, as follows: the establishment of the cumulative PPD cap provides an employee "a statutorily prescribed measure of damages . . . and [an] employer [receives assurance of] a maximum loss and [protection from] . . . excessive judgments." Evans & Associates Utility Services v. Espinosa, 2011 OK 81264 P.3d 1190Torres v. Seaboard Foods, LLC, 2016 OK 20373 P.3d 1057as corrected (Mar. 4, 2016). Under our fundamental separation of powers doctrine, the Legislature solely possesses the decision-making authority concerning the policy choices that underlie the grand bargain - not the judiciary. Id. Therefore, Elias' substantive due process claim must fail.

CONCLUSION

¶25 For the reasons stated, the April 7, 2021, Order of the Commission is affirmed.

GOREE, P.J., and MITCHELL, J., concur.

FOOTNOTES

See Hill v. Am. Med. Response, 2018 OK 57423 P.3d 1119

See Vasquez v. Dillard's, Inc., 2016 OK 89381 P.3d 768

Rivas v. Parkland Manor, 2000 OK 6812 P.3d 452 superseded by statute, 85 O.S. § 22as recognized in Evans & Associates Utility Services v. Espinosa, 2011 OK 8185 O.S. Supp.1995, § 22See Okla. Sess. Laws 2011, c. 318, § 87.

Preclude, Merriam-Webster, available at https://www.merriam-webster.com/dictionary/preclude (explaining that "preclude" means "to make impossible by necessary consequence: rule out in advance").

Exceed, Merriam-Webster, available at https://www.merriam-webster.com/dictionary/exceed (explaining that "exceed" means "to be greater than or superior to").